ALBANY,
October, 1823.

Holmes
v.
Remson.

---

HOLMES and others, trustees for all the creditors of MUL-
LET, an absent debtor, *against* REMSON and others, executors, &c. of CLASON, deceased.

Where a party inadvertently omits to file papers, necessary to warrant his judgment, or to render it formally correct, or commits a formal mistake, in drawing up his judgment roll, it is of course, on motion, to allow an amendment: as where he omits to file the *nisi prius* record, postea, clerk's certificate, venire, and panel. These may be filed *nunc pro tunc.*

And if these, or the like papers, are lost, the court will allow new ones to be drawn and filed.

And they will allow the party to amend his continuances or a *nisi prius* clause, in the judgment roll.

These, and the like amendments, will be allowed after error brought, after paying the costs of the motion; and the proceedings in error, provided the plaintiff in error choose to discontinue.

THIS cause was tried April 12th, 1821, when a verdict was found for the plaintiffs, subject to the opinion of the Court,

on a case, which was made; and in August term, 1822, the Court delivered their opinion in favor of the defendants. (20 John. 229, S. C.) The defendants' attorney then drew the record; but having soon after left the city of New York, where he resided, and where the cause was tried, on account of the yellow fever prevailing there, he did not then search for the *nisi prius* record. The judgment was afterwards delayed by an order to stay proceedings, and a motion to amend the case, and for a re-hearing, on the part of the plaintiffs, till January term, 1823, when the motion was denied. The judgment was then further delayed, by an injunction, till February thereafter, which being then dissolved, the defendants' attorney caused the judgment to be signed and filed, but forgot to search for the *nisi prius* record. On the 25th of July last the plaintiffs sued out a writ of error. The defendants' attorney inquired for the *nisi prius* record at the office of the Clerk of the sittings, where it was not found; nor could the plaintiff's attorney give him any account of it.

In the record, the venire was awarded as returnable in October term, 1819, at the City Hall of the city of New York, and the parties were stated as appearing there; whereas by an appointment of the Governor, (the yellow fever prevailing in New York,) the Court was then held at the Capitol in the city of Albany. There was also a mistake in the *nisi prius* clause, in omitting the usual words, "if they, or either of them at a sittings appointed," and in some other particulars.

*P. A Jay,* for the defendants, moved for leave to file a *nisi prius record, postea, Clerk's certificate, venire,* and *panel, nunc pro tunc,* as of the term of May, 1821, and also to amend the record, in the particulars specified.

*Hopkins,* contra.

*Curia.* It is a matter of course to allow these and the like amendments, where the omission or informality is accounted for. We grant the rule as applied for, on paying the costs of this motion, and if the plaintiffs choose to dis-

continue their proceedings in error, the defendants must also pay the costs of the writ of error.

Rule accordingly.