NEW YORK,   *subject to the regulations prescribed by law; that is, sub·
May, 1827.   ject to the established practice.   That practice is to obtain
Marsh    the *fiat* of the attorney general.   (3 Chit. Cr. Law, 369.)
v.    Should the attorney general refuse his *fiat*, in a proper case,
Berry    this court would order him to grant it.   (4 Burr. 2551.)

These writs of error have issued irregularly; and must be quashed.

Rule accordingly.

---

MARSH *against* BERRY & BERRY.

In an action of trespass *quare clausum fregit*, brought in the common pleas, by reason that the defendant pleaded title in a justice's court, in a suit for the same cause there, the defendant is confined to his plea of title, which admits the trespass. And though he plead the general issue in the common pleas, and the cause go down to trial on that issue, on the production of the plea of title upon the trial, the court should confine him to it, and not require the plaintiff to prove the trespass.

Though the defendant may, yet he is not bound, to give notice, and move to strike out the plea of the general issue.

But if the court allow the plea of the general issue, and thereupon the plaintiff prove the trespass, and the cause is tried upon its merits, and a verdict found, and judgment rendered for the defendants, the proceedings will not be set aside on error.

Under that issue, the defendants may prove that the plaintiff had not possession of, or title to the *locus in quo*, when the trespass was committed.

A co-trespasser with the defendant, is a competent witness in his favor.

A recovery in favor of one trespasser, is not evidence for his co-trespasser

A mistake in a record as to the name of the party in whose favor judgment is rendered, is clerical, and may be amended on error.

ON error to the Chenango C. P.   The cause was commenced there in 1821.   In that court, Marsh declared against Richard W. Berry and Simeon Berry, in trespass *quare clausum fregit*.   Plea, not guilty.   The jury found that Simeon S. Berry and Richard W. Berry were not guilty; and judgment was entered, that the defendants recover against the plaintiff costs, adjudged to Richard W. Berry and John S. Berry.

On the trial, the plaintiff took several exceptions, which came here upon a bill of exceptions.   It stated that the plaintiff impleaded R. & S. Berry in trespass, in a justice's court, for breaking his close, and taking away his hay and corn.   A plea of title, signed by R. W. Berry & John S. Berry, being interposed, the plaintiff sued in the C. P. and declared.   John S. Berry, who was sued by the name of Simeon Berry, pleaded a misnomer in abatement.   The other defendant pleaded not guilty.   The plaintiff replied to the plea in abatement; and the parties then stipulated

that this plea should be withdrawn; and that the defendant *who had pleaded it, should abide the event of the suit under the plea of R. W. Berry, as if both had pleaded jointly.

On the trial, the plaintiff moved that the plea of not guilty be stricken out; and he produced the plea of title. The court, however, decided that they would not hear the motion, as no notice of it had been given. The plaintiff then proceeded to prove the trespass, in entering a certain close, and taking hay. The defendants also called a witness to show that the lot from which the hay was taken, was not in the plaintiff's possession; and that they bought the hay of the witness. The plaintiff objected that they could not give evidence of title or possession in a third person. The objection was overruled. The defendants then called Benjamin Marsh, under whom they claimed a right to enter, by virtue of his possession, to prove that he sold the hay in question to them; and that the premises were in his possession. On objection by the plaintiff, the defendants executed a release to the witness, of all cause of action against him, by reason of failure of title to the hay or meadow. He was then admitted. The plaintiff excepted to the above decisions respectively.

Further facts will be found stated in the opinion of the court.

*A. Cook*, for the plaintiff in error. The judgment is in favor of persons who were not before mentioned in the record.

The court should not have allowed the defendants' plea of the general issue; thus compelling the plaintiff to prove the trespass, which had been admitted by the plea of title. (2 Caines, 28.) Nor should the defendants have been allowed to show a purchase of the hay, or the possession of B. Marsh, under the general issue. (15 John. 304. 13 id. 443. 14 id. 166. 13 id. 276, 284.) The release to Marsh did not restore his competency. (6 John. 5.)

*L. Clark & Griswold*, contra. The mis-recital of the

christian name of one of the defendants, is evidently a mere *clerical mistake; and cured by the statute of amendments and jeofails. (10 John. 507.)

The plea of title did not appear on the record; and there should have been notice of the motion to strike out the general issue. In *Strong* v. *Smith*, (2 Caines, 28,) the matter was suggested on the record; and appeared judicially to the court. It is to be intended that the court below acted according to their rules of practice. At any rate, by going to trial on the issue, the plaintiff waived the error, if any there was.

Title or possession in a third person, and a license under him, are admissible under the general issue. (8 T. R. 403. 7 T. R. 354, 432. 1 Phil. on Ev. 134.)

All the interest of B. Marsh was removed by the release. He and the other witnesses made out a complete defense.

*Curia, per* WOODWORTH, J. The plea of title admitted the trespass. The act, (1 R. L. 390,) declares, that on every trial to be had, the plea, signed by the defendant, shall be conclusive evidence that the defendant relied on his title to justify the trespass. The act is silent as to the form of pleading, after the cause is removed to the common pleas. I have always considered, that the form of the plea put in by a defendant in that court, was not material, nor could be available, other than as a plea of title; and that the production of a plea of title, put in before the justice, would be conclusive against the general issue, although the plaintiff had not applied to strike it out. If the defendants cannot rely on the general issue as a defense, it is the same thing to the plaintiff as if stricken out. The motion was to strike out the general issue, which was, in substance, an application that the defendants be denied the benefit of that defense. The court, by refusing the motion, permitted the defendants to avail themselves of that plea. This evidently was the understanding of both parties; and thereupon the plaintiff called a witness to prove the trespass. I think the motion to strike out was proper, and required no notice. If the plaintiff had varied the

form of application, and requested the court to confine
*the defendants to their defense, as under the plea of title
only, it would have been substantially the same. If that
motion had been made, the court ought to have sustained
it; and thereby given effect to the plain intention of the
act. The decision was erroneous. It compelled the plain-
tiff to prove a trespass which was admitted. Yet, as the
trespass was proved, and no injury sustained by the plain-
tiff on that ground, the judgment ought not to be reversed,
provided the defendants have made out a title in them-
selves, or brought themselves under the provisions of the
act, by showing that the plaintiff had not possession of, or
title to the premises, at the time the supposed trespass was
committed. (2 Caines, 28.)

It is not shown that the defendants had any title; but it
was competent for them to prove the plaintiff had not pos-
session or title. The evidence offered, applied to the ques-
tion of possession. The principal witness to this point was
Benjamin Marsh, who sold the hay to the defendants. He
claimed to be the possessor of the lot at the time. He
stated that a contract to purchase the farm, was given by
one Brown to him and the plaintiff jointly; which did not
expire until after the trespass, if any, was committed; that
he and the plaintiff divided the premises, and that he held
the possession of the *locus in quo;* that the contract to pur-
chase was kept by the plaintiff, who had, without the con-
sent of the witness, surrendered it; and had taken a lease
from Brown for the whole. The plaintiff objected to this
witness as incompetent. The defendants gave him a release;
and the question is, whether he still remained interested to
protect the possession? There is no doubt that the release
discharged him from all claims of the defendants; but how
did he stand in relation to the plaintiff? By selling the
hay then standing and growing, he impliedly gave the de-
fendants permission to enter and take it away. This act of
the witness, subjected him to an action in favor of the plain-
tiff, unless he had the possession or title. Can he, then, be
permitted, in this action, to prove that the plaintiff was out
of the possession; and thereby enable the defendants to

NEW YORK,
May, 1827.

Marsh
v.
Berry.

prevail? If the defendants *succeed by reason of the facts proved by this witness, will that trial, on the merits, enure to the benefit of the witness, should he afterwards be prosecuted by the plaintiff for the same trespass? On reflection, I think the objection goes only to the credit of the witness. A recovery of damages in this cause, without execution or satisfaction of the judgment, would be no bar to an action against the witness. If the defendants are trespassers, the witness is one also, and might be prosecuted for the same trespass, on the ground that he authorized it. A recovery against one, is not a bar to an action against another co-trespasser. The plaintiff, when he sues several trespassers in separate suits, may elect *de melioribus damnis.* (*Livingston* v. *Bishop*, 1 John. 290.) The consequence is, that the witness was admissible. The cause was, then, properly submitted to the jury. If they believed, from the evidence, that the plaintiff was not in possession, they were justified in finding for the defendants. Whether the verdict was against the weight of evidence, is a question that does not arise. Our decision must be on the record and bill of exceptions; and if no error is found in either, the judgment must be affirmed.

The objections taken to the form of the record and misnomer, as to the christian name of one of the defendants, are clerical mistakes, and amendable. I am of opinion that the judgment of the court of common pleas be affirmed.

Judgment affirmed.

---

[*349]        *VANDERBILT *against* ADAMS, Treasurer of the Hospital of the city of New York.

The statute, (sess. 42, ch. 18, s. 35, 5 Laws N. Y. 24, *a*,) authorizing the harbor masters to regulate and station vessels in the East and North Rivers in the city of New York, and imposing a penalty for disobeying their orders, or the orders of either, extends to wharves in the hands of private owners; and is not un-

ON error from the C. P. of New York. The action in the court below was by Adams, as treasurer of the New