## Gregory vs. Stryker.

Where a manufacturer or mechanic agrees to construct a particular article out of his own materials, the property of the article until its completion and delivery is in the maker, and not in him for whom it is made. *Per* Beardsley, J.

The law is the same where the *principal part* of the materials are furnished by the manufacturer or mechanic. *Per* Beardsley, J.

But if the employer furnish the whole or the principal part of the materials, he retains the property in them during the progress of the work. *Per* Beardsley, J.

Where a damaged or worn out article is delivered to another to be repaired and renewed by the labor and materials of the latter, the property in the article together with the accessorial additions remains in the former owner during the performance of the work, and it is his when completed.

And the rule of law is the same although the labor and materials used in the repairs greatly exceed the value of the article when left to be repaired. *So held* where a worn out wagon was repaired and renewed, which when completed was worth $90, and the cost of repairing was $78,50.

The mechanic however has a lien for his labor and materials, and may retain possession until he is paid. *Per* Beardsley, J.

Where raw materials are delivered to be manufactured, and the manufactured article is to be divided between the respective parties in certain proportions, the transaction is but a bailment, and the owner of the materials retains his title to them until his contract is completely executed. *Per* Beardsley, J.

Error from the Schoharie common pleas, to review a judgment of that court in a cause commenced by Stryker against Gregory in a justice's court and determined in the common pleas on appeal. The action was trespass for a wagon, and the defendant, who was a constable, justified the seizure of it under an execution against one Rose ; and the question was whether the wagon when taken by the defendant belonged to the plaintiff or Rose. Rose carried on the business of blacksmithing and was indebted to the plaintiff in a considerable sum. The plaintiff was the owner of an old wagon which Rose agreed to repair for him on account of the debt. The iron work was done at the shop of Rose, who procured the wood work and painting to be done by another person on his account, and charged the whole to the plaintiff. The old wagon, except the iron, was worth but little ; none of the wooden part was used in the reparation except the tongue and evener. When finished the wagon was worth $90, and Rose's

account for repairs amounted to $78,50. The defendant took the wagon in the possession of Rose immediately after it was completed and sold it on the execution. The court below charged the jury that where an article is left to be repaired, it remains the property of the former owner when completed, although the repairs exceed the value of the article as it existed before they were put upon it, and that if it be taken by another the owner is entitled to recover its value including the new materials used in the repairs; and that this was the rule of law, although the discrepancy between the worth of the article when sent to the mechanic and its value when repaired, was as great as the proof showed it to have been in this case. The plaintiff had a verdict upon which the court gave judgment, and the defendant brought error here.

*S. W. Jackson,* for the plaintiff in error.

*R. R. Menzie,* for the defendant in error.

*By the Court,* BEARDSLEY, J. The principal controversy in this cause is whether the wagon in question when taken by the defendant belonged to the plaintiff or to Rose. The other points were disposed of by the jury under proper instructions from the court.

As the value of the new materials and labor used and employed in repairing or re-constructing the wagon, greatly exceeded that of the old materials used in the operation, it was urged that this was really a contract with Rose to make a new wagon, and not for the repair of an old one, and therefore, as most of the materials were furnished by him, his right of property in the vehicle would continue until its completion and delivery under the contract.

No doubt where a manufacturer or mechanic agrees to construct a particular article out of his own materials, or out of materials the principal part of which are his own, the property of the article, until its completion and delivery, is in him and not in the person for whom it was intended to be made. (1 *Cowen's*

*Tr. 2d ed.* 289; 2 *Kent,* 361; *Merritt* v. *Johnson,* 7 *John.*
473; 1 *Chitt. Pl.* 7 *Am. ed.* 381; *Atkinson* v. *Bell,* 8 *Barn.
& Cress.* 277; 2 *Chitt. Com. Law,* 270.) But it is equally
clear, as a general proposition, that where the owner of a dam-
aged or worn out article delivers it to another person to be
repaired and renovated by the labor and materials of the latter,
the property in the article, as thus repaired and improved, is all
along in the original owner, for whom the repairs were made,
and not in the person making them. The agreement in such
case is but an every day contract of bailment—*locatio operis
faciendi: (Story on Bl. 3d ed.* § 421, 422, *a ;* 2 *Kent.* 588 :)
and the original owner, so far from losing his general property
in the thing thus placed in the hands of another person to be
repaired, acquires that right to whatever accessorial additions
are made in bringing it to its new and improved condition.

Nor am I aware that in this class of cases it is at all impor
tant what the value of the repairs, actual or comparative, may
be. No case is referred to which proceeds on that distinction,
nor any writer by whom it is adverted to as material. If we
adopt this distinction, what shall be its limit? The general
property must be in one party to the exclusion of the other, for
surely they are not tenants in common in the thing repaired.
Shall we then say that where the value of the repairs falls
below that of the dilapidated article on which they were made,
the original owner has title to the article in its improved condi-
tion, and *vice versa,* where they exceed it in value, title to the
article, as repaired and improved, passes over to the person by
whom the repairs were made? Such a rule would certainly be
plain enough, and probably might be applied without great dif-
ficulty, to any particular case. But it would be found to give
rise to a variety of questions never heard of in actions growing
out of the reparation of decayed or injured articles; and the rule
itself, I am persuaded, has not so much as the shadow of au-
thority for its support. There are a multitude of instances in
which the expense of proper repairs greatly exceeds the value
of the article on which they are made. It is so in the lowly
operation of footing an old pair of boots, and not unfrequently in

repairing a broken down carriage. The principle contended for by the defendant is not necessary for the security of the mechanic by whom the repairs are made. He has a lien for his labor and materials, and may retain possession until his just demands are satisfied. (*Story on Bl.* § 440; *Cross' Law of Lien,* 331, *chap.* 21; *Chitt. on Cont.* 5*th Am.* ed. 544, 5; 1 *Cowen's Tr.* 295; *Moore* v. *Hitchcock,* 4 *Wend.* 292; *Grinnell* v. *Cook,* 3 *Hill,* 491.) This affords ample protection to the mechanic. And who, let me ask, ever heard that his lien was limited to repairs which, in value, fall below that of the original article on which they are made? Yet this limitation must necessarily exist, if the ground assumed by the counsel for the defendant is well taken.

Various cases have arisen in which property in a raw state was delivered by one person to another, upon an agreement that it should be wrought upon and improved by the labor and skill of the bailee, and when thus improved in value should be divided in certain proportions between the respective parties; and in which it was held that the original owner retained his exclusive title to the property until the contract had been completely executed; and this, notwithstanding the labor to be performed by the bailee might be equal or even greater in value than that of the property when received by him. Thus, in *Pierce* v. *Schenck,* (3 *Hill,* 28,) where logs were delivered at a saw mill, under a contract with the miller that he should saw them into boards and each party should have one half, it was held to be a bailment and not a sale of the logs, and that the bailor retained his general property until the contract was fully executed. The cases of *Barker* v. *Roberts,* (8 *Greenl.* 101,) and *Rightmyer* v. *Raymond,* (12 *Wend.* 51,) as well as many others, are to the same effect. To be sure these are not cases in which old articles were to be improved by repairs put upon them; yet the bailment in each is of the same nature and class, *locatio operis faciendi ;* and as to this question the same principle should apply to both.

If I employ a mechanic to make a new article for me, the right of property while the work is going on, may essentially

Gregory v. Stryker.

depend upon the original ownership of the materials used in its construction. If they are his, or chiefly his, we have seen that the property remains in him. If, on the other hand, the materials used were mine, the general property is in me, although he may add some small proportion of his own materials. (*Story on Bl.* § 423; 1 *Cowen's Tr.* 289.) The distinction between these cases is, that the first is a contract for the sale of the article *in futuro,* the latter a pure bailment.

It was not pretended that the real design of the plaintiff and Rose was to have a new wagon made in the name of repairing an old one, and that such a trick was resorted to as a mode of placing the property in the vehicle while being constructed, beyond the reach of the creditors of Rose. We must assume that these parties acted with fairness and meant what they said; that the real object was as expressed, to repair an old wagon, and not to make a new one, although it must be admitted that the process of reparation has resulted in a substantial re-construction of the vehicle. Still the contract was for repairs, and not for a new wagon, which as between the parties to the contract should determine their rights. And as the contract was fair and free from fraud, the defendant, who stands in the place of the creditors of Rose, must abide by his rights. As between the plaintiff and Rose the property was in the former, and his right is the same against this defendant. No error of law therefore occurred on the trial of the cause.

Judgment affirmed.