Dewey, J.
Full effect is given to the clerk’s docket, as a record or statement of the orders of the court, until the record is fully extended. But it is open to amendment by order of the court. So also the extended record may itself be amended, by order of the court whose proceedings are recorded, when found not in accordance with the facts. Errors of this kind may occur, and if they do, the power to amend them according to the truth exists in the court. In the present case the court of common pleas had the power to order this amendment of the record. The amount and kind of evidence requisite to satisfy that court, as to what was the real order of the court, and what was the proper entry on the docket or extended record, must rest with that court. Having the authority to correct their own record, it is to be presumed that any amendment of the record made by them will be in accordance with the facts. Bacon v. Lincoln, 2 Cush. 124; Bank of Newburgh v. Seymour, 14 Johns. 219; Holmes v. Remson, 2 Cow. 410; Marsh v. Berry, 7 Cow. 344; Balch v. Shaw, 7 Cush. 282.
The cases cited by the counsel for the defendant were mostly cases where the question of controverting the record as erroneous arose collaterally, but in the present case it was directly between the parties, on a motion to amend the record. The power to amend clearly existed, and we must presume it was properly exercised.

Exceptions overruled.