The question we are called upon to decide is, whether, under the rules of law applicable to the contract, the barge, at the time of the assignment to the plaintiffs, belonged to Bridger 
Bishop, who constructed it, or to the defendants, who employed them to build it.
The general rule is, that if a person contract with another for a chattel, which is not in existence at the time of the contract, though he pay him the whole value in advance, and the other proceeds to execute the order, the buyer acquires no property in the chattel till it is finished and delivered to him. The case ofMucklow, assignee of Royland, v. Mangles, decided in England in 1808, (1 Taun. 318,) recognized, to the fullest extent, the general rule I have stated. It was an action of trover by the assignees of a bankrupt for a barge and other effects. Royland, who was a barge builder, had undertaken to build the barge in question for Pocock. Before the work was begun Pocock advanced to Royland some money on account, and as it proceeded he paid him more, to the amount of £ 190 in all, being the full value of the barge. When it was nearly finished, Pocock's name was painted on the stern. Two days after the completion of the work, and before a commission of bankruptcy had issued, the defendant, who was an officer of the sheriff, took the barge under an execution against Royland, the barge at the time of the levy not having been delivered to Pocock. It was held that the title to the barge had never passed from Royland to Pocock, and judgment was given for the plaintiff. The correctness of this decision has never been questioned, either in England or this country, but has been repeatedly followed in both. In this state, the more prominent cases are Merritt v. Johnson, (7 John. 473;) Gregory v.Stryker, (2 Denio, 628;) and Johnson v. Hunt, (11 Wend. 139.)
But it is sought to take this case out of the general rule, because the work was to be performed under the direction of a superintendent employed by the defendants, and was to be paid for at specific stages of the work. The first of the English cases relied on to sustain that position, is that of Woods, assignee *Page 47 of Paton, v. Russell, (5 Barn. Ald. 942,) which was decided in 1822. Paton, a ship-builder, had contracted with Russell to build a ship for him and complete it in April, 1819; Russell to pay in four instalments. The first and second instalments were duly paid. In March, 1819, Russell appointed a master, who superintended the building. On Paton's signing the usual certificate of her build, the ship was registered in Russell's name, and on that day he paid Paton the third instalment. It was held that the general property was vested in Russell from the time the registry was completed, but that the plaintiff had a lien for the work done after payment of the third instalment. There seems to me to be enough in that case to sustain the judgment, independent of the circumstances relied upon by the defendants in this action. The registry of the vessel in the name of Russell on the certificate, and by the aid and procurement of Paton was equivalent to a delivery, and was conclusive to show that the parties to the contract agreed that from that time the property belonged to Russell.
In delivering the opinion of the court, Abbot, Ch. J. said, "It is part of the terms of the contract, that given portions of the price should be paid according to the progress of the work: part when the keel is laid and part when they are at the light plank. The payment of these instalments, appears to us, to appropriate specifically to the defendant, the very ship so in progress, and to vest in the defendant a property in that ship; and that as between him and the builder, he is entitled to insist upon the completion of that very ship, and that the builder is not entitled to require him to accept any other. But this case does not depend merely upon the payment of the instalments; so that we are not called upon to decide how far that payment vests the property in the defendant, because, here, Paton signed the certificate to enable the defendant to have the ship registered in his (the defendant's) name, and by that act consented, as it seems to us, that the general property in the ship should be considered from that time as being in the defendant."
The decision in Woods v. Russell seems very improperly to *Page 48 
have been considered as resting on the ground first stated in the extract I have made. (Atkinson v. Bell, 8 Barn. Cress. 277; 15 Eng. Com. L. 216.) And so far it has evidently been looked upon with distrust and followed with reluctance in the later decisions of the English courts.
In Clarke et al. v. Spence et al. (4 Adol. Ellis, 448, 31 Eng. Com. L. 107,) the plaintiff contracted with a ship-builder to build him a ship for a certain sum, to be paid in instalments, as the work proceeded. An agent of the plaintiff was to superintend the building. The builder became bankrupt before the ship was completed. Afterwards the assignees completed the ship and all the instalments were paid or tendered. In trover, by the plaintiff against the assignees, for the ship, it was held that on the first instalment being paid, the property in the portion then finished became vested in the plaintiff, subject to the right of the builder, to retain such portion for the purpose of completing the work and earning the rest of the price, and that each material, subsequently added, became, as it was added, the property of the general owner. This decision was made, as was said by Williams, J. who delivered the judgment of the court, "with some hesitation," and entirely upon the authority of the expression in the opinion of the court in Woods v. Russell,
first above quoted. Williams, J. conceded, that the facts in the case of Woods v. Russell, did not make it necessary to determine the point, whether the building of the vessel under the superintendence of a person appointed by the purchaser, and the payment of instalments at particular stages of the work, vested the general property in the purchaser, and added, "Neither did the decision of the court proceed ultimately on any such point, but on the ground that the vessel by virtue of the certificate of the builder had been registered in the name of the purchaser, and that the builder had by his own act declared the general property to be in the purchaser." And he proceeded in a very full and able opinion to show that the opinion, thus extra-judicially expressed in Woods v. Russell, was in conflict with well established rules of law. Williams, J. said, "Until the last of the *Page 49 
necessary materials be added, the vessel is not complete; the thing contracted for is not in existence; for the contract is for a complete vessel, and not for parts of a vessel; and we have not been able to find any authority for saying, that whilst the thing contracted for is not in existence as a whole, and is incomplete, the general property in such parts of it as are from time to time constructed shall rest in the purchaser, except the above passage in the case of Woods v. Russell." And he followed the authority of Woods v. Russell on the ground that it had been subsequently recognized, and that such construction had probably been acted upon since the decision, by persons engaged in ship-building.
The case of Woods v. Russell, and Clarke v. Spence,
were recognized in Laidler v. Burlinson, (2 Mees. Wels. 602,) though they were not followed, being inapplicable to the case then before the court.
It cannot be denied but the decision in Clarke v. Spence
covers the whole ground assumed by the defendant's counsel in this case, but it has never yet been followed in this country. InMoody v. Brown (34 Maine R. 107) allusion is made to such an exception to the general rule, but it was unnecessarily said, inasmuch as it was adjudged that the case did not come within such an exception. It has also been stated in the elementary books as resting on the English decisions I have cited. (Storyon Sales, § 315, 316; Chitty on Cont. 378; Long on Sales,
288. I find no adjudged case in which the exception claimed has been applied in this country, and the case of Clarke v.Spence not being authority of itself, ought not to be followed here if it is in conflict with well settled principles of law, or inconsistent with decisions made in our own state. We are not placed in a situation to feel any of the embarrassment from a supposed precedent under which the court felt compelled in the case of Clarke v. Spence, to make a decision inconsistent with their own reasoning and against their own good judgment. A well established general rule, if founded *Page 50 
upon principle, should not be invaded by an exception without good reason.
The question is simply what was the contract of the parties. (2Mees. Welsb. 602.) If it was intended that certain parts of the vessel should pass to the defendants, as the work progressed and was paid for, it was very easy for the parties to have so provided in the contract in express terms. As they did not do this, we must gather the intent from the contract as expressed. It is not a contract to purchase parts of a barge, but an entire vessel; and the general rule that the title does not pass till completion and delivery, must control the construction unless a different contract is to be implied from the fact that the barge was built under the superintendence of a person employed and paid by the defendants, and was paid for by installments at certain stages of the work.
It cannot be claimed that the employment of a superintendent who decided upon the quality of the materials and approved the work, amounted to a delivery of the parts as the work progressed; but it is supposed that inasmuch as it bound the builders to deliver that particular barge and took away from them the right to substitute another in its place, it amounted, together with the payments, to a transfer of the general property to the purchaser. The mere payment by instalments at specific stages does not of itself imply anything further towards a change of title to property, than the payment of instalments at fixed periods of time. Now, conceding that the effect of both these circumstances combined, is to place the builder in a situation in which he would be bound to finish and deliver the specific vessel begun, it by no means follows, that they vest the title to the vessel in the purchaser before its completion. It becomes, in such case, simply a contract for the finishing and delivery of that particular vessel; and the obligations upon the parties are the same, as if the builder had contracted to finish and deliver a particular vessel partly constructed at the time of the contract.
Merritt v. Johnson (7 John. 473) was a case in which it was adjudged that the property to the vessel remained in the builder *Page 51 
until completion and delivery, though some of the materials employed had been furnished by the purchaser.
The question of ownership by no means depends upon the right that a particular article in preference to another shall be finished for the purchaser. In Merritt v. Johnson, (Supra,) Travis agreed to build a ship for E. Merritt and to furnish the timber for the frame, and E. Merritt was to pay in instalments and furnish the materials for the joiner's work. E. Merritt furnished various materials and advanced money to Travis with which to purchase other materials, and afterwards assigned the contract to D. Merritt, who continued to furnish materials and advance money to Travis on the contract, until about one-third the vessel was finished, Travis having furnished the materials he was bound to supply under the contract, when it was levied on under an execution against Travis and sold by the sheriff to C., who afterwards completed the vessel and sold her to Johnson. An action of trover being brought by D. Merritt against Johnson, it was held that the property in the vessel was in Johnson, and that D. Merritt could not have any property in the vessel under the contract until she was completed and delivered to him. This was therefore a case where the ownership remained in the builder, though he would have no right to have substituted another vessel in its place, part of the materials having been furnished by the purchaser. It appeared in Merritt v. Johnson that the ship was built upon ground hired by Travis, and in this suit the barge remained at the yard of the builders. It is said however inJohnson v. Hunt, (11 Wend. 139,) that had the fact been different in Merritt v. Johnson it would not have changed the result. (See also Blackburn on Sales, 158; 2 Denio 628; 21Pick. 205.)
I think the legal title to the barge remained in the builders at the time of their assignment to the plaintiffs, and the judgment of the supreme court should be reversed and a new trial ordered.
Judgment reversed, and new trial ordered. *Page 52