GEORGE W. ELLIOTT ET AL. v. NELSON EDWARDS ET AL.

1. In the case of an executory contract to build a vessel, to be paid for in installments as the work progresses, the title remains in the builder until the work is completed and delivered.

2. By the express undertaking of the parties in this case, when an installment was paid, the vessel, so far as then constructed, was to become the property of the purchaser, but the burden was on him to show that his title vested before the lien for which this suit was brought attached.

This suit was on a bond given by defendants for payment of a debt contracted in building a vessel in East Newark, in this state, which debt is a lien on the vessel, according to the statute entitled "An act for collection of demands against ships, steamboats, and other vessels." *Nix. Dig.* 576.*

The declaration was demurred to, on the ground that the act referred to, by creating a lien under state law, assumes control of maritime contracts, over which the federal courts have exclusive jurisdiction, and is, therefore, void.

The demurrer was overruled, and judgment orderd for the plaintiff, at November Term, 1869. (See 5 *Vroom* 96.)

The demurrer having been withdrawn, an issue made by the pleadings was tried at the Hudson Circuit, and a special

* *Rev., p.* 586.

verdict rendered by the jury, the principal facts of which are set forth in the following opinion of the court.

The material question raised by the verdict was, whether the claims of the plaintiffs were subsisting liens upon the vessel at the time they were exhibited.

The case was argued at June Term, 1871.

For plaintiffs, *A. Q. Keasbey.*

For defendants, *A. S. Jackson* and *J. F. Randolph.*

The opinion of the court was delivered by

VAN SYCKEL, J. The plaintiffs, who claim to have liens on a vessel built at East Newark, in this state, instituted this suit for the recovery thereof, on a bond given under the twelfth section of the act entitled " An act for the collection of demands against ships, steamboats and other vessels." *Nix. Dig.* 576.*

The material facts upon which the validity of the liens rests are established by the special verdict rendered at the Circuit. The question in the cause is, whether the claims of the plaintiffs were subsisting liens upon the vessel at the time they were exhibited.

Every debt contracted by the master, owner, agent, or consignee of any ship or vessel within this state, for materials used in its construction, is within the protection of the act.

By the opinion of this court, delivered in November Term, 1869, when this cause came up on demurrer, it was held that this was not a maritime contract, and that, therefore, it was competent for our state courts to enforce it by common law remedy, (5 *Vroom* 96,) or by any new remedy which the legislature may have provided. The principal defence set up in avoidance of these claims, and the only one which it is deemed necessary to notice, is, that the parties who incurred the debt did not occupy to the vessel the relation either of master, owner, agent, or assignee.

* *Rev.,* p. 586.

The vessel was built partly by Jeroleman & Ellis, under articles of agreement concluded November 3d, 1866, between Henry C. Jeroleman, of the first part, and Nelson Edwards, Henry C. Jeroleman and others, of the second part.

By the terms of this agreement, all the materials were to be found and the work done, by the builders, and payments were to be made by the parties of the second part to the parties of the first part, at stated periods during the progress of the work ; and it was expressly stipulated, that from time to time, as the several installments therein provided to be paid were paid by the parties of the second part, the said vessel, so far as then constructed, and the materials therein inserted, should be and become the property of the parties of the second part.   On the 24th day of June, 1867, after the plaintiffs had furnished their materials to Ellis & Jeroleman, the original contract for building the vessel was assigned by Jeroleman to Nelson Edwards, who completed the work.

The English cases before the revolution uniformly hold that where a builder agrees to furnish the materials and build a vessel or other thing not *in esse*, to be paid for in installments, as the work progresses, it is a contract for work and materials, and not a contract of sale, and that the title remains in the builder until the work is completed and delivered.

In *Mucklow* v. *Mangles*, 1 *Taunt.* 318, where the whole price was paid in advance, and the name of the person for whom the vessel was built was painted on her, the title was held to remain in the builder.

In *Towers* v. *Osborn*, the defendant set up the statute of frauds in aid of his refusal to take a chariot which was built for him upon his verbal order, but Chief Justice Pratt ruled that it was not a contract for the sale of goods, and the plaintiff had recovery.

This case was followed by Lord Ellenborough in *Groves* v. *Buck*, 3 *M. & S.* 178, and was not departed from until a different doctrine was announced in *Woods* v. *Russell*, 5 *Barn. & Ald.* 942, in 1822 ; and in some of the English cases since that date, which have recognized *Woods* v. *Russell* as author-

ity, it is acknowledged that is difficult to reconcile that case with established principles.

The New York and Massachusetts cases are in full accord with the early English cases. *Merritt* v. *Johnson*, 7 *Johns.* 473; *Gregory* v. *Stryker*, 2 *Denio* 628; *Johnson* v. *Hunt*, 11 *Wend.* 139; *Andrews* v. *Durant*, 11 *N. Y.* 35; *Miscer* v. *Howarth*, 21 *Pick.* 205; *Spencer* v. *Cane*, 1 *Met.* 283.

These cases have been followed in our own state in the recent case of *The West Jersey R. R. Co.* v. *The Trenton Car Works*, 3 *Vroom* 517, which declares the rule to be that in the case of an executory contract for the sale of an article not in existence, but to be manufactured, and where the contract price is advanced, no title passes until the thing is completely finished and delivered, or set apart for and accepted by the orderer.

In the absence of any special contract to the contrary, the title to the vessel would have continued in the builder until it was completed and delivered, but by the express undertaking of the parties, when an installment was paid, the vessel, so far as then constructed, and the materials therein inserted, were to be and become the property of the persons making such payments. The title being originally in the builders, the burden was on the defendants to show that such title was divested before the plaintiffs furnished the materials. This the defendants have failed to show, and therefore the builders at that time must be regarded as the owners of the vessel, and as competent to charge it with liens.

The result is, that the plaintiffs are entitled to recover.

Judgment accordingly.

AFFIRMED, 7 *Vr.* 449.