## Robert C. Lyman v. Pearce Becannon.

*Practice: Clerical errors: Statute of jeofails.* Where on a trial by the court without a jury in an action of replevin, there is a finding showing that the court found the value of the property to be one hundred and twenty dollars, and assessed the damages for the detention at six cents, an error of the clerk in entering the judgment so that it recited the assessment of the damages at one hundred and twenty dollars instead of six cents, is cured by the statute of jeofails.

*Practice: Trial by the court: Evidence: Finding of facts: Exceptions.* Where a case tried by the court without a jury is brought up on bill of exceptions which does not purport to embrace all the evidence, and the record includes no definite finding of facts, nothing is left open for review except the validity of the exceptions to the evidence.

*Replevin: Evidence: Cross-examination.* Where a plaintiff in replevin, to establish his title, has testified in chief that the defendant agreed to manufacture the article in dispute for him; that defendant subsequently notified him that it was finished and requested him to take it, and afterwards brought suit against him, setting up a claim concerning it; that defendant obtained judgment in such suit which plaintiff had paid, it is competent on cross-examination to ask him whether, when defendant so notified him that the article was ready for him and required him to take it, he did not refuse on a claim that it was not made according to agreement: this circumstance belonged to the very group of facts related by the witness, and was adapted to affect the character of the transaction to be illustrated, and to give it a different legal aspect from what it would otherwise possess.

*Records: Evidence.* One who has introduced in evidence the proceedings in another suit before a justice, is not at liberty to stop the inquiry with the written proceedings alone, and thus prevent their true significance from being explained.

*Res adjudicata: Records: Evidence.* Where the written proceedings in another suit, when introduced in evidence, appear to have been so framed that they

might have involved the same issue as the suit at bar, but fail to show on their face whether such issue was in fact tried and decided, it is competent to show by parol what the facts were in that regard.

*Heard May 12. Decided July 8.*

Error to Lenawee Circuit.

*C. A. & S. C. Stacy,* for plaintiff in error.

*S. Bean* and *A. L. Millard,* for defendant in error.

GRAVES, CH. J.

Lyman brought replevin in the circuit court, for a peculiar vehicle called an "egg-wagon," which was taken from Becannon on the writ and delivered to Lyman. The case was tried without jury, and the court found generally for the defendant, and that the value of the wagon was one hundred and twenty dollars, and the damages for detention six cents.

Becannon waived judgment for return, and elected to recover the value. No special finding was made of facts or law. But a bill of exceptions was settled containing only a portion of the evidence and certain rulings at the trial, and also a statement showing what the court found on the subject of value and damages.

In entering judgment on the basis of this finding the clerk so framed the entry that it recited the value as found, and further recited the damage at the same sum, instead of six cents, as the fact was. This was plainly a clerical mistake, which is corrected by the finding. The statute of jeofails was designed expressly to prevent such misprisions from working mischief.—*Comp. L., ch. 190.*

The real controversy on the trial was whether the property in the wagon was in Lyman or Becannon, and the remaining questions relate to rulings on admitting evidence. These questions are raised by the bill of exceptions, and the result must depend on the view taken of them in the aspect in which they are presented. In the absence of a

definite finding or other exhibition of the facts in the record we cannot pronounce as matter of law, whether the property in the wagon was in the plaintiff or defendant. We can only consider the validity of the exceptions to the evidence, and judge of them in the light afforded by the record, and where too it expressly appears that but a portion of the evidence is returned.

To establish his ownership of the wagon, Lyman gave evidence conducing to show that in 1872 Becannon agreed to build the wagon for him for one hundred and forty-five dollars and have it ready at some time between the 10th and 20th of July of that year; that Becannon notified him that it was finished, and requested him to take it; that afterwards Becannon sued him before a justice and set up a claim concerning the wagon and some other matters and obtained judgment against him for eighty-five dollars and costs, which he paid; that thereafter he required the wagon of Becannon, who refused to let him have it, whereupon he instituted the suit in replevin. In the course of his own direct testimony, in which he explained the transaction as here stated, he submitted in evidence the pleadings and judgment and other written proceedings of the suit referred to before the justice. And it appeared that the declaration in that case was in assumpsit, and contained three special counts and the common counts. The special counts were all founded on the special agreement, and were framed to recover such damages as Becannon had suffered on account of the refusal of Lyman to accept the property and stand as purchaser. The plea was the general issue and was accompanied by a notice in which Lyman stated he would show that the wagon was not completed in the time or mode agreed on, and that he had suffered damages in consequence. The notice likewise set up that Lyman had tendered all he owed Becannon. The latter, on request, filed a bill of particulars, which embraced several small claims recoverable under the common counts and amounting in the

aggregate to a little less than nine dollars; and besides these items, the bill set forth two others, in these terms:
"To one egg-wagon _____$175 "
"Damages for not accepting egg-wagon as per special
    counts in declaration_____ _____ 175 "

Lyman paid into court ten dollars to cover all items except the claim relating to the wagon. The cause was tried by jury, who found in favor of Becannon for eighty-five dollars, for which, as before stated, judgment was entered.

Lyman having finished his oral testimony in chief, and having given in evidence the proceedings in the former suit, he was cross-examined, and was then required, against the objection of his counsel, to state whether, when Becannon notified him, as he had stated in his direct examination, that the wagon was ready and required him to take it, he did not allege that it was not made according to agreement and refuse to take it. In answering he admitted that on the occasion referred to he did claim that the wagon was not built in the manner agreed upon, and that he did then refuse to take it.

The ruling of the court was correct. This circumstance belonged to the very group. of facts related by the witness on his direct examination, and was then omitted or kept back. It was a fact adapted to affect the character of the transaction to be illustrated, and give it a different legal aspect from what it would possess otherwise. The exception is not well taken.—*Wilson v. Wagar*, *26 Mich.*, *452.*

The other objections relate to the letting in of proof to show what was actually in contest in the case before the justice. The written proceedings in that suit were introduced by the plaintiff, and it then became a question whether the judgment then rendered and the payment of it bore upon the ownership of the wagon. If in that litigation Becannon's right to get the price or value of the wagon was involved and tried, then the judgment and payment of it were sufficient to estop him from denying to Lyman the

rights of an owner. If, however, that litigation did not involve any thing of the kind, but proceeded on a ground consistent with the continuance of ownership in Becannon, then the judgment and payment of it could not prejudice his claim as owner.

The written proceedings were too equivocal to afford any distinct explanation on this point. As they were shaped, it would seem not to have been impracticable to make it matter of trial whether Becannon should or should not be allowed the price or value of the wagon.—*Morse v. Sherman, 106 Mass., 430 ; Mixer v. Howarth, 21 Pick., 205 ; Comfort v. Kiersted, 26 Barb., 472 ; Gregory v. Stryker, 2 Denio, 628 ; Atkinson v. Bell, 8 Barn. & C., 277 ; Allen v. Jarvis, 20 Conn., 38 ; Bement v. Smith, 15 Wend., 493 ; Hayden v. Demets, 53 N. Y., 426–431 ; Dustan v. McAndrew, 44 N. Y., 72.*

In view of the circumstance that Lyman introduced these matters, which were liable to one or another application, according as the actual litigation had one or another character, it was pertinent to ascertain their real bearing, and in order to do so both parties proceeded to show the state of facts on the trial in question, and this was legitimate. It was the only course to determine what influence the judgment so introduced into the case by Lyman was entitled to have on the disputed question of ownership of the wagon.—*Young v. Black, 7 Cranch, 565 ; Steam Packet Co. v. Sickles, 24 How., 333 ; S. C., 5 Wall., 580 ; King v. Chase, 15 N. H., 1 ; Doty v. Brown, 4 Comst., 71 ; Dunckel v. Wiles, 1 Ker., 420 ; Sawyer v. Woodbury, 7 Gray, 499 ; Johnson v. Morse, 11 Allen, 540 ; Merritt v. Morse, 108 Mass., 270 ; Lord Trimlestown v. Kemmis, 9 Clk. & Finn., 749–776.*

The learned counsel for the plaintiff sought to support the exceptions to the evidence by resorting to a theory which failed to include all the elements, and fell short of recognizing the exact state of the case. He permitted to escape his view some material considerations, and especially

the fact of the explicit repudiation by Lyman of Becannon's offer of the wagon, and arguing upon the tacit assumption that this circumstance was either unimportant or not within the case, and that the only facts of influence were that the wagon was made for Lyman and offered for his acceptance, and finally claimed by him after the payment of the judgment before the justice, he contended that thereby it became Lyman's property, and hence that the evidence objected to was irrelevant. As already mentioned, we can neither assume or decide upon this record that the property in the wagon passed. We have no data appropriate to such a purpose. The *facts* are not found. We have only *evidence* of facts, and but a portion even of the evidence given. But on turning to so much of the evidence as we find in the record, and not merely to fragments of it, we observe, as before intimated, that it makes against the argument in question. We have the clear admission of Lyman, when upon the stand, that he positively refused to accept the wagon when it was tendered to him under the agreement, and declined to become owner of it, and it appears that this repugnance lasted until the rights of the parties were fixed by the judgment. He elected to stand as *non-transferee*, and to take the chances of a suit against him as such, and this is hardly consistent with the idea that his right was such as belonged to the opposite character.—*Moody v. Brown, 34 Maine, 107 ; Briggs v. Light Boat, 7 Allen, 287 ; Andrews v. Durant, 1 Ker., 35 ; Burtis v. Thompson, 42 N. Y., 246 ; Jones v. Barkley, Doug., 684 ; Cort v. Railway Co., 6 E. L. & E., 230 ; Hochester v. DeLatour, 20 E. L. & E., 157 ; Danube & Black Sea R. W. Co. v. Xenos, 13 C. B., N. S., 825, 106 E. C. L.; Roper v. Johnson, L. R., 8 Com. P., 167, 4 Eng., 397 ; Frost v. Knight, L. R., 7 Exch., 111, 1 Eng., 218 ; Hapgood v. Shaw, 105 Mass., 276.*

Then again, as previously stated, he made the litigation before the justice a part of his case, and in so doing gave occasion to Becannon to explain that litigation. When he made the written proceedings before the justice evidence on

his side, he was not at liberty to stop the inquiry and prevent their true significance from being ascertained.

I think none of the exceptions can be supported, and that the judgment should be affirmed, with costs.

The other Justices concurred.