ELI FREDERICK v. CIRCUIT JUDGE FOR MECOSTA COUNTY.

*Replevin from sheriff—Mandamus to correct judgment entry.*

1. Where goods held by the sheriff under an attachment or execution are taken from him on writ of replevin a judgment in his favor, before the attachment proceedings are decided, must be for the return of the property and not for the special value of his lien; and if the judgment has been erroneously entered mandamus will lie upon a seasonable application to change the journal entry thereof accordingly, unless such change will prejudice the rights of strangers.

2. A judgment, the entry of which was corrected by mandamus, was ordered to take effect from the date of the correction, so that full opportunity to ask for a review thereof might be saved.

3. Costs were not allowed on mandamus where the occasion for its issue was the error of relator's counsel.

Mandamus. Submitted January 18. Granted February 6.

*Glidden & Marsh, Geo. W. Mead* and *Corbin & Cobb* for relator.

*J. H. Palmer* and *M. Brown* for respondent. Mandamus will not lie to change a verdict or alter the note of it to correspond with facts, nor to compel a court to alter its

record to correspond with facts shown by affidavit: High Ext. Leg Rem. §§ 153–4; a court may set aside a verdict but cannot alter it: Wells on Replevin § 741.

CHAMPLIN, J.   We are all of opinion that a peremptory mandamus should issue in this case.

The action out of which these proceedings arose was replevin brought by one Nathan Wolf against Frederick, who, as sheriff of Mecosta county, had served attachments against the goods of one Abram Markson.   These attachments were three in number, issued on behalf of different plaintiffs, two of them bearing teste January 20, and one January 22, 1883.   The sheriff seized the goods on the 23d of January, and afterwards, on the same day, Wolf replevied the goods from the sheriff.   Issue was joined in this cause, and the sheriff gave notice, under his plea, of his special interest in the goods as sheriff by virtue of the attachments, and other special matter of defense.   The replevin suit came on to be tried May 15, 1883, before judgments had been obtained in the attachment suits, and resulted in a verdict for defendant, and also that he had a lien or special property in the goods by reason of the several writs of attachment, specifying them; and they also found that the plaintiff was the general owner of the goods subject to the attachment liens of defendant, and that the defendant did not unlawfully detain them.   It appears that before the cause was submitted to the jury, the attorneys for the defendant expressly waived a return of the property mentioned in the writ, and elected instead thereof to take a judgment for the special interest of the defendant.   This was erroneous.

Section 6754, Comp. L. 1871, (How. St. § 8342,) provides:
" When either of the parties to an action of replevin, at the time of the commencement of the suit, shall have only a lien upon, or special property or part ownership in, the goods and chattels described in the writ, and is not the general owner thereof, that fact may be proved on the trial, or on the assessment of value, or on the assessment of damages, in all cases arising under this chapter; and the finding

of the jury, or court, as the case may be, shall be according to such fact, and the court shall thereupon render such judgment as shall be just between the parties."

This section must be construed in connection with § 6763, (How. St. § 8351) namely:

"If any goods or chattels which are replevied had been attached, they shall, in case of judgment for a return, be held liable to the attachment, until final judgment in the suit in which they were attached, and for thirty days thereafter, in order to their being taken in execution; and if such final judgment be rendered before the return of the property, or if the property when replevied was seized and held on execution, it shall be held subject to the same attachment or seizure for thirty days after the return, in order that the execution may be served thereon, or the service thereof completed, in like manner as it might have been if such property had not been replevied."

It is apparent from the foregoing sections that in the plight in which this case was at the time of trial, no judgment for the value of the special interest of the defendant in the goods could be taken. There was no way of determining at that time what the value of his special interest was. No judgment had been obtained fixing the amount, and it was legally possible that no judgment would be obtained at all, in which case his special interest would at once cease. It is evident that the section of the statute first above cited refers to liens other than those of attachment or execution, while the latter section controls in all cases where goods are held by attachment or execution, and in the latter case the only judgment that can be taken is for a return of the property. The design of the law is to protect the rights of parties by restoring the goods to the hands of the officer in order to enable him to complete the execution of his process which had been obstructed by the proceedings in replevin. Parties are thus enabled to try the title and ownership of the property seized and the liability of the same to be taken in execution or attachment, and while these proceedings are in progress the goods may be considered as in custodia legis. If the officer's lien is established by showing that the goods were liable to be seized

as the property of the debtor, they are to be returned to him; otherwise not. The statute in this respect is mandatory, and it is the duty of the court in such cases to render a judgment for a return of the property.

When, therefore, in this case the defendant's attorneys discovered their error, and moved the court for leave to withdraw the waiver of judgment for a return of the property, and that judgment be entered for a return of the property taken under the writ of replevin, he should have granted the motion. Instead of this he denied the motion with costs, including an attorney fee of ten dollars, and seeks to justify his action "upon the ground that the said circuit court had not the power to change the said verdict of said jury and the judgment that had been duly rendered and entered thereon, and to substitute in its stead a new and different verdict, and to render and cause to be entered another and different judgment thereon."

The verdict and judgment referred to as entered in the journal of the court [and as given in the court's return to the order to show cause in this case] read as follows:

NATHAN WOLF v. ELI FREDERICK. The jury heretofore impaneled and sworn in this cause sat together again and heard the arguments of counsel and the charge of the court, retired from the bar under the charge of Thomas Shaw, Sr., an officer of court duly sworn for that purpose, to consider of their verdict to be given, and after being absent for a time, return into court and say upon their oath that the said defendant did not unlawfully detain the goods and chattels mentioned, in manner and form as the said plaintiff hath in his declaration in this cause alleged, *and the jury by whom the issue joined in this cause was tried having found, by their verdict, that the said defendant did not unlawfully detain the goods and chattels in the said plaintiff's declaration specified as is therein alleged, and the said jurors having further found* that the said defendant has a lien upon or special property in said goods and chattels by reason of a certain writ of attachment issued out of this court, wherein Sydney A. Cushing, Moses W. Thompson, Charles A. Olmstead and Lovell S. Snow are plaintiffs, and Abram Markson is defendant, and a further lien or special property in said goods and chattels

under and by virtue of a writ of attachment issued out of
and under the seal of this court wherein Daniel J. Cushing
is plaintiff and said Abram Markson is defendant, and a
further lien or special property in said goods and chattels
by a writ of attachment issued out of and under the seal
of this court, wherein Charles M. Marshall, Marshall E.
Rumsey and Arnold Walker are plaintiffs, and Abram
Markson is defendant; they also find that the said plaintiff
is the general owner of the said goods and chattels subject
to the lien aforesaid of the said defendant, and the jury by
whom the issue joined in this cause was tried having found,
by their verdict, that the said defendant did not unlawfully
detain the goods and chattels in the said plaintiff's declara-
tion specified as is therein alleged; *and the jury having
found as hereinbefore set forth, therefore it is considered
that the said plaintiff take nothing by his suit and that the
said defendant do go thereof without day; and it is further
considered that the said defendant do recover against the
said plaintiff the amount of the claims of the said Sydney
A. Cushing, Moses W. Thompson, Charles A. Olmstead
and Lovell S. Snow and of the said Daniel J. Cushing and
of the said Charles M. Marshall, Marshall E. Rumsey and
Arnold Walker to be assessed and not exceed in amount
the sum of seventeen hundred and sixty-seven dollars; and
that said defendant is not the general owner thereof, but
being the amount of his special property in the said goods
and chattels so by the jurors in form aforesaid found, to-
gether with his costs and charges by him about his defense
in this behalf expended to be taxed, and that the said de-
fendant have execution thereof.*

And it is further ordered that all proceedings in this
cause, except taxation of costs, be stayed until the first day
of the next term of this court to enable the plaintiff to
move for a new trial, settle bill of exceptions or take such
steps as he may be advised.

Read, approved and signed in open court.

C. C. FULLER, Circuit Judge."

This record shows that the verdict of the jury was not
entered separately and afterward a judgment rendered
thereon, but that the two were combined in one entry.
There is no difficulty in separating or distinguishing that
portion of the entry which is the verdict of the jury, from
the judgment entered, presumably by the clerk, nor in va-
cating that portion which is the judgment of the court,

without interfering with or affecting the verdict of the jury as recorded. The motion did not call upon the circuit court to change the verdict of the jury, nor was it necessary that he should do so in order to vacate the judgment entered and enter a new one for a return of the property replevied.

There is no doubt that the court possessed the power to vacate the judgment entered, on the motion made, and to enter the proper judgment required by the mandate of the law. The amendment asked was in furtherance of justice. It is not claimed that any unnecessary delay had occurred before the attention of the court was directed to the error; nor is it claimed that the rights of third persons would be prejudiced by making the amendment.

Under such circumstances courts have frequently exercised the power, not only after the lapse of terms of the court, but of years. 6 Cush. 354; *Balch v. Shaw* 7 Cush. 284; *Usher v. Dansey* 4 M. & S. 94; *Atkins v. Sawyer* 1 Pick. 351; *Tilden v. Johnson* 6 Cush. 354; *Hall v. Williams* 1 Fairf. 278, 288; *Close v. Gillespey* 3 Johns. 526; *Waldo v. Spencer* 4 Conn. 71; *Fay v. Wenzell* 8 Cush. 316; *Rugg v. Parker* 7 Gray 172; *Bacon v. Lincoln* 2 Cush. 124; *Holmes v. Remson* 2 Cow. 410; *Marsh v. Berry* 7 Cow. 344: *Owners &c. v. Hale* 1 Doug. (Mich.) 313; *Lyman v. Becannon* 29 Mich. 466; *Kenyon v. Woodward* 16 Mich. 332; *Cook v. Perry* 43 Mich. 625.

The circuit judge is directed to vacate the order denying the motion to amend the record, and to amend the record by vacating that portion of the journal entry printed in italics in his return to the order to show cause, and to enter a judgment in favor of the defendant and against the plaintiff in the replevin suit, for a return to him of the property described in the writ of replevin. The judgment so entered will take effect from date of entry, and parties will have the same rights and remedies to obtain a review of such judgment as they would have had if entered at the time of the rendition of the verdict.

Let a peremptory writ of mandamus issue.

Inasmuch as the entanglement in which this case has been brought was owing, in the first instance, to the error of the defendant's attorneys, no costs will be allowed.

The other Justices concurred.