## MAX BERGER v. CONRAD CLIPPERT.

*Replevin from levying officer—Judgment in attachment to show defendant's special interest.*

1. An attachment was levied upon chattels sold by an insolvent debtor and the purchaser brought replevin therefor against the sheriff. *Held*, that the judgment in the attachment suit was admissible in a suit in replevin to show the extent of defendant's lien, in order that his special interest might be assessed if he recovered judgment.

2. An admission by counsel of his client's complete insolvency cannot cut off the right to cross-examine him, as to his stock and debts, in an action of replevin brought by one who has purchased his stock against an officer who afterwards attached it.

Error to Wayne. (Jennison, J.) April 16.—April 23.

REPLEVIN. Defendant brings error. Reversed.

*Julian G. Dickinson* for appellant.

*John G. Hawley* for appellee.

CHAMPLIN, J.   Albert Samter was engaged in business as a cigar manufacturer and retail dealer in tobacco, at No. 191 Woodbridge street west, in Detroit.   He became indebted to different persons, and, being utterly insolvent, made a sale of his retail stock to his step-brother, who is the plaintiff in this suit.   Plaintiff was Samter's foreman, and knew his standing and circumstances, and knew that he was not on a sound footing.   He claimed that Samter was owing him $150 for money which he had let him have from time to time out of his earnings, and the consideration of the purchase was this indebtedness and $100 which he paid him at the time.   John Buchler was a creditor of Samter and as such attached the goods claimed to have been purchased by plaintiff as the goods of Samter, and plaintiff replevied from defendant, who was the officer who held the goods on attachment.   After the goods were replevied, and before the trial, Buchler obtained a judgment in his attachment suit. The defendant attacked the sale from Samter to plaintiff as having been made to hinder, delay and defraud the creditors of Samter.

On the trial of the cause the defendant offered in evidence the judgment obtained in the attachment suit, which was objected to as immaterial, and excluded by the court.   This was error.   How. Stat. §§ 8342, 8351; *Frederick v. Circuit Judge* 52 Mich. 529.   It was material for the purpose of showing the extent of the defendant's lien, in order that, if the verdict should be in his favor, he might have the amount of his special interest assessed and a judgment rendered therefor. The trial having resulted in a verdict against defendant, this error would not be sufficient to reverse the judgment were it not for other errors which make it necessary to send the case back for a new trial.

The plaintiff produced Albert Samter as a witness to prove the sale from him to the plaintiff, and defendant, on cross-examination, sought to inquire of him concerning his indebtedness to different persons, its kind and amount, and the amount of his stock, and he offered to prove the amount of the witness' purchase up to and about the time of the trans-

action with the plaintiff, and the amount of his indebtedness, with a view to getting at the circumstances at that time. The court excluded the testimony offered, for the reason that the counsel for plaintiff had admitted the complete insolvency of the party, and that he owed a large amount which was still due. It was error for the court to cut short the cross-examination of the witness in this manner. The witness was the party who, defendant claimed, had committed a fraud on his creditors. He had given testimony that plaintiff urged him to sell to him, because bills were becoming due from creditors, and they might push him, and if they did it would break him up. The defendant was entitled to show by the witness fully his situation, and all the facts and circumstances attending the transaction, and the plaintiff's connection with it; and the plaintiff could not prevent the defendant from the benefit of sifting the facts from the mouth of the witness by an admission from plaintiff of his insolvency. The manner of the witness on the stand and the circumstances, as narrated by him, might convince the jury either of the truthfulness or falsity of his testimony.

There are other errors in the record, but as they are not likely to arise on a re-trial, they are not noticed here.

The judgment is reversed and a new trial ordered.

The other Justices concurred.