COMFORT *vs.* KIERSTED and others.

Where an article agreed to be sold is yet to be manufactured, the title does not pass until there has been some act on the part of the vendor which amounts to a delivery, and some act on the part of the vendee which amounts to an acceptance.

To make a sale complete, so as to vest the title in the vendee, the thing sold must not only be in existence, but it must be identified.

Where D. agreed to manufacture for K. a quantity of shingles, at a specified price per thousand, which shingles should *be the property of K. as fast as they were made; Held* that the contract conveyed no present right of property to K. in the shingles, but that, it being an agreement to be executed *in futuro*, he had only a right of action against D. for not executing the agreement.

*Held also,* that before the title would vest, even after the shingles were made, something must be done which would amount to at least a constructive delivery.

THIS was an appeal from a judgment of the Sullivan county court, reversing a justice's judgment. The action was brought to recover the value of 17 bunches of shingles, which had been taken by the defendants from the possession of the plaintiff. Upon the trial before the justice and a jury, the plaintiff proved that he had purchased the shingles at a constable's sale, under an execution against one *Prosper P. Davis,* by whom the shingles were manufactured. The defendant also claimed title under Davis, and gave in evidence a contract as follows: "Mongaup Valley, Jan. 1, 1856. An agreement made and concluded between Prosper P. Davis of Bethel, Sull. Co., N. Y., and W. Kiersted & Co. of the same place. The said Prosper P. Davis hereby agrees to make for W. Kiersted & Co., one hundred thousand 20 inch shingles, counting four inch wide, 500 in a bunch, of the best quality of shingles, at the price of $3 per thousand, delivered at the store, to be applied on the indebtedness of the said Davis to the said W. Kiersted & Co., with the privilege of making the amount 150,000 shingles. *The shingles to be the property of W. Kiersted & Co.,* at the price of eighteen shillings per thousand, on the premises of said Davis, *as fast as made, or whenever he makes the shingles.* The said Davis agrees to deliver

all the shingles he makes at the store of W. Kiersted & Co. by the first day of May next, for which said W. Kiersted & Co. agree to pay him $3 per thousand.

W. KIERSTED & Co.

PROSPER P. DAVIS."

The defendants.proved by Davis that the shingles in question were made by him for them. The testimony being closed, the justice charged the jury, in substance, that the plaintiff was entitled to their verdict for the value of the property. A verdict was accordingly rendered in favor of the plaintiff for $19.12, upon which judgment was rendered. Upon appeal to the county court, this judgment was reversed.

*J. K. Porter,* for the plaintiff.

*H. Hogeboom,* for the defendants.

*By the Court,* HARRIS, J. It is not always an easy matter to determine whether a contract for the sale of goods is so far executed as to pass the title to the vendee. In respect to goods *in esse* at the time of the contract, it is a general rule that the contract of sale itself transfers the right of property to the purchaser, if the vendor has nothing more to do before delivery. (2 *Kent's Com.* 492.) But where the thing to be sold is yet to be manufactured, the title does not pass until there has been some act on the part of the vendor which amounts to a delivery, and some act on the part of the vendee which amounts to an acceptance. (*Andrews* v *Durant,* 1 *Kernan,* 40. *Newcomb* v. *Cramer,* 9 *Barb.* 402. *Johnson* v. *Hunt,* 11 *Wend.* 137. *Gregory* v. *Stryker,* 2 *Denio,* 628. *Mixer* v. *Howarth,* 21 *Pick.* 205.)

In this case, the parties to the contract had agreed that the shingles should be the property of the defendants *as fast as they were made.* Still the contract was executory. To make a sale complete, so as to vest the title in the vendee, the thing sold must not only be in existence, but it must be identified.

The contract itself conveyed no present right of property to the defendants. Though Davis agreed that the shingles he was about to make should, as fast as made, become the property of the defendants, still, as it was an agreement to be executed *in futuro*, his right was, not to the shingles, but in action for not executing the agreement.. Before the title would vest, even after the shingles had been made, something must have been done which would amount at least to a constructive delivery. The shingles must have been in some way designated and set apart, so as to be capable of being identified as the property of the purchasers. (*See Lansing* v. *Turner*, 2 *John.* 13 ; 2 *Kent's Com.* .468 ; *Field* v. *Moore*, *Lalor's Sup.* 418.) Had Davis seen fit, after manufacturing the shingles, to dispose of them as his own property, instead of delivering them to the defendants in execution of his contract, it seems to me very clear that their only remedy must have been by an action for the non-performance of the contract, and not for a wrongful disposition of their goods. Suppose Davis had made, with another person, another contract, in all respects like that under consideration, whereby he had agreed to deliver the same quantity of shingles as fast as made, could it be pretended that the defendants would, by the mere operation of their contract, become the owners of all the shingles made by Davis, as soon as manufactured ? It would then need, as now, that in some way the shingles should be designated as delivered in execution of the contract, ·in order to change the right of property. And they would then have become the property of the one or the other of the parties to whom he had.agreed to sell them, according to their designation.

The county judge, in a very sensible argument to maintain his theory of the case, has supposed the destruction of the shingles by fire. The loss, in that event, would, he thinks, have fallen on the defendants, and not on Davis. If he is right in this, the case has been correctly decided, for the loss would undoubtely fall on the owner. But I cannot see that

this inquiry serves in any way to solve the question of owner-
ship. It is still necessary to determine, from the facts in the
case, whether the right of property had ever vested in the
defendants. I am of opinion that it had not. The judgment
of the county court should therefore be reversed, and that of
the justice affirmed.

[Albany General Term, December 7, 1857. *Wright, Harris* and *Gould,*
Justices.]