BRUNDAGE v. SHELLY.

TRIAL—INSTRUCTIONS.
  Failure to give a specific request is not error if the subject-matter is fully and carefully covered in the general charge.

Error to Wayne; Aldrich, J., presiding. Submitted April 9, 1897. Decided May 25, 1897.

Replevin by Samuel L. Brundage and others against Sumner P. Shelly and others. From a judgment for plaintiffs, defendants bring error. Affirmed.

*T. E. Tarsney*, for appellants.

*Bowen, Douglas & Whiting*, for appellees.

MOORE, J. This is an action of replevin for a quantity of sawlogs which the plaintiffs claimed defendants wrongfully took from them. The logs were not delivered to the plaintiffs on the writ of replevin. Upon the trial the plaintiffs recovered judgment for the value of the logs. Defendants appeal.

The questions involved are almost wholly questions of fact. It was the claim of plaintiffs that they sold the logs in question to one Morrow for $9.25 a thousand feet, $7.50 of which was to be paid when the logs were scaled on the banks of the Cunard river, in Canada, and the balance when the logs were delivered at Shelly & Robertson's mill, at Wyandotte, the title of the property to remain in the plaintiffs until paid for. It was their claim that they brought the logs in controversy over to near Shelly & Robertson's mill before any payment was made upon the logs, because it served their convenience to do so at the time, and tied the logs up above the boom of Shelly & Robertson, and notified the foreman of Shelly & Robertson that he must not interfere with the logs until the plaintiffs were paid; that one night after that the logs were taken and put in Shelly & Robertson's boom. It was the defendants' claim that these logs were bought by them from Morrow, who was to buy logs on the banks of the Cunard river, which were to be measured by Shelly & Robertson on the bank, who were to pay him $7.50 a thousand feet, their mark to be put upon the logs, and the title to be in Shelly & Robertson as soon as the logs were scaled. It is their claim that, prior to the time these logs were delivered, Mr. Shelly had a talk with Samuel L. Brundage, in which he was told the terms of the contract between Shelly & Robertson and Morrow, and that Brundage was told the plaintiffs must notify Shelly & Robertson if Morrow did not pay, and he said all right, they would go on and get out the logs, and give Shelly notice if Morrow did not pay; that no notice was received from plaintiffs. Defendants claimed that the scale for the logs was received October 31st; that defendants waited until November 5th, when $1,200 was sent to Morrow to pay for the logs in question; and that the title passed to the defendants. Testimony was given tending to support the several theories of the parties litigant.

It is the claim of counsel for appellants that the title to the logs passed to defendants under the holding in *Whit-*

*comb* v. *Whitney*, 24 Mich. 486. We think this cannot be said to be true as a matter of law. If the contention of the plaintiffs was true, the title to the logs was not to pass until the plaintiffs were paid for them, and it was for the jury to say which version was true.

Error is assigned because of the failure of the trial judge to give certain requests to charge. While the trial judge did not give all of the requests of counsel, he covered the subject fully and carefully in his general charge. The case was properly submitted to the jury, who accepted the plaintiffs' version of the transaction.

The assignments of error have all had consideration, but they do not call for further discussion.

Judgment is affirmed.

The other Justices concurred.