(57 App. Div. 359.)

### CHAMBERS v. AUSTIN.

(Supreme Court, Appellate Division, Third Department. January 9, 1901.)

SALE OF LUMBER—WHEN TITLE PASSES—DESTRUCTION BY FIRE — BURDEN OF LOSS.

Defendant sold to plaintiff certain lumber, a part to be ready at his mill by May 15th, the remainder by June 1st. He then had lumber in his millyard, from which it was contemplated plaintiff's lumber should be selected, planed, and prepared; but none of it was set apart or designated by the parties as plaintiff's property. Held, that until the lumber was set apart for plaintiff in its completed state, with notice that it was ready for delivery, and opportunity given to inspect it, defendant retained title thereto, and must stand its loss by fire.

Appeal from St. Lawrence county court.

Action by Lou E. Chambers against Hamilton S. Austin. From a judgment for defendant, plaintiff appeals. Reversed.

On February 25, 1899, the defendant, as a part of the consideration of a barn and lot that day conveyed to him by the plaintiff, agreed, in writing, to furnish the plaintiff 10,000 feet of dry pine lumber, 6,000 feet of which were to be of a good quality No. 2, planed on one side, and matched, 12 feet in length; and 4,000 feet to be No. 3, sound knots, straight edge, planed on one side, and matched, 12 feet long; and to have the part for siding ready at the defendant's mill by May 15, 1899, and the whole by June 1, 1899. The defendant was the owner of a sawmill, and at the time of the contract there were piled up in his millyard 25,000 or 30,000 feet of lumber, in different piles, from which the lumber to be finished for the plaintiff was to be taken, but no particular piles were designated. About the 1st of April the defendant informed the plaintiff that he was getting her lumber planed, and wanted her to take it from the mill, and she thereafter drew from time to time, as the lumber was finished and ready for her, during the month of April, 6,000 feet. The defendant's mill was burned on May 24th, and he says that on the 17th day of May he planed and prepared for the plaintiff 2,145 feet of lumber, which was burned with his mill seven days thereafter. The defendant gave no notice to the plaintiff that he had planed this 2,145 feet, and that the same was ready for delivery. In June and July the plaintiff received the remainder of the 10,000 feet except the 2,145 feet, which the defendant refused to deliver, and to recover the value of which this action was brought.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MER-WIN, and SMITH, JJ

John L. Houston, for appellant.

F. J. Gray, for respondent.

EDWARDS, J. The question in this case is, on whom must fall the loss of the 2,145 feet of lumber destroyed by fire on May 24, 1899? and that depends upon the question as to whether the title was at that time vested in the plaintiff or in the defendant. The agreement was not for any specific lumber, finished, and ready for delivery. It was for 10,000 feet of lumber, 6,000 to be of a certain quality and finish and 4,000 of another; a part to be ready at defendant's mill by May 15th, and the remainder by June 1st. The defendant then had in his millyard 25,000 or 30,000 feet of lumber, from which it was contemplated by the parties that the lumber for the plaintiff should be selected, planed, and prepared by the defendant; but no part of that lumber was set apart or designated by the parties as the property of the plaintiff. The contract was purely executory on the part of the defendant, and under it he retained title to the 2,145 feet in question until it should be set apart for the plaintiff in its completed state, and she duly notified that it was ready for delivery. Comfort v. Kiersted, 26 Barb. 472; Halterline v. Rice, 62 Barb. 593; Higgins v. Murray, 4 Hun, 565; E. W. Bliss Co. v. United States Incandescent Gaslight Co., 149 N. Y. 300, 43 N. E. 859. The plaintiff had no notice that this 2,145 feet had been completed, and no opportunity to inspect or accept it, before the fire. If the defendant, after the completion of this lumber, on the 17th of May, had sold and delivered it to some other customer, it cannot be questioned that such purchaser would have had a good title. The title was in the defendant at the time of the fire, and he must bear the loss.

The judgment of the county court and of the justice's court should be reversed, with costs. All concur.