TUCKER v. ROHRBACK.

---

## Chester S. Tucker v. John Rohrback.

*Prior judgment — when a bar.* — A judgment to constitute a bar to a subsequent action must have been rendered upon the merits upon the same subject matter, and between the same parties.

13 MICH. — F.

Where, in a suit by A against B, it appeared in evidence that the same sub-
ject matter introduced as a set-off by defendant was involved in a former suit
wherein A and wife were defendants and B plaintiff, and "that judgment
was rendered thereon," but did not appear what said judgment was, nor
that it was upon the merits; — *Hled*, that such judgment was not a bar to
defendant's set-off.

*Heard May* 19.    *Decided October* 2 ,

Error to Branch Circuit.

This was an appeal to the Circuit Court from the
judgment of a Justice of the Peace.

In the Circuit, it was referred, and the referee re-
ported, among other things, that this claim had been
litigated in a prior suit, before A. L. Potter, Esq., a
Justice of the Peace of the city of Coldwater, wherein
the defendant in this cause was plaintiff, and the plain-
tiff herein, with one Sophia Rohrback, were defendants;
and that plaintiff in that case sought to recover for the
same corn-stalks, for which he made claim, under a no-
tice of set-off, in this case; "that said matter was sub-
mitted to the Justice, who rendered judgment thereon."

The referee found that said judgment was a bar to
defendant's claim of set-off, and exceptions to his report
were duly filed. The judgment of the Court below sus-
tained the report.

*T. M. Cooley* and *E. G. Fuller*, for plaintiff in error:

I.  A judgment, to constitute a bar to a claim in a
subsequent action, must have been rendered upon the
merits, upon the same matter in issue, and between the
same parties or their privies. — *Outram v. Morewood*, 3
*East.*, 351, 364–6; *Ward v. Wilkinson*, 4 *B. & Ald.*, 412;
*Carter v. James*, 13 *M. & W.*, 147; *Simpson v. Pickering*,
1 *C. M. & R.*, 529; *Jones v. Fales*, 4 *Mass.*, 255; *Wilbur
v. Gilmore*, 21 *Pick.*, 253; *Gardner v. Buckbee*, 3 *Cow.*, 126;
*Burt v. Sternburgh*, 4 *Cow.*, 562–3.

The matter in issue is the same when the same evi-
dence will support both actions; and this is the only
test by which to know whether a determination in a

former suit is a bar to a subsequent action. — *Outram v. Morewood*, 3 *East.*, 364; *Towns v. Nims*, 5 *N. H.*, 260–3; *King v. Chase*, 15 *N. H.*, 15; *Kent v. Kent*, 2 *Mass.*, 355; *Spooner v. Davis*, 7 *Pick.*, 148; *Eastman v. Cooper*, 15 *Pick.*, 286; *Arnold v. Arnold*, 17 *Pick.*, 9; *Gilbert v. Thompson*, 9 *Cush.*, 348; *Harding v. Hale*, 2 *Gray*, 400; *Rice v. King*, 7 *Johns.*, 21; *Miller v. Manice*, 6 *Hill*, 114.

II. The judgment in the case of *Tucker v. John and Sophia Rohrback*, was not a bar to the set-off offered in this case: 1. Because the parties were not the same; 2. Because the issue was not the same. The issue in that suit was, whether the *two defendants* were indebted to Tucker for the present demand. That issue could only be supported by proof of a *joint* liability. Proof of the individual liability of John Rohrback would have defeated the claim. But on the issue in this case, the set-off must be supported by proof of an *individual* liability; and proof of a *joint* liability defeats it. The issue in the two cases was, therefore, antagonistic; and evidence which would support the one would defeat the other. — *Outram v. Morewood*, 3 *East.*, 364–6; *King v. Chase*, 15 *N. H.*, 15; *Harding v. Hale*, 2 *Gray*, 400; *Miller v. Manice*, 6 *Hill*, 122, 129–31.

MARTIN Ch. J.:

That a judgment, to constitute a bar to a claim in a subsequent action, must be rendered upon the merits, upon the same matter in issue, and between the same parties or their privies, is unquestionable.

In the present case, testimony was offered, and received, tending to show that a portion of the property here in litigation had been the subject of a former suit, between this same plaintiff, and the defendant and his wife, and that judgment was given therein. What that judgment was, or upon what founded, we are not informed. It may have been rendered upon the merits, or for misjoinder of parties, or other collateral reason.

We are not sufficiently informed respecting it to attribute to it any force, or to determine its character. We only know, that it was a judgment against other parties than the one now before us as defendant.

The judgment is reversed, with costs, and a new trial ordered.

The other Justices concurred in the result.