WILLIAM H. WOOD v. CHRISTOPHER FAUT.

*Res judicata—Evidence.*

The plea of former judgment cannot be sustained if it does not appear that plaintiff in the former suit had a right to bring his suit at the time he brought it, and that it was decided on its merits. And the contrary may be shown in meeting such a plea.

Error to Mackinac. (Steere, J.)    Oct. 15.—Oct. 22.

ASSUMPSIT. Defendant brings error. Affirmed.

*Cady & Hoffman* for appellant.

*Jas. McNamara* and *Chas. R. Brown* for appellee. Where the record of a former suit does not show that it was decided on its merits, proof may be given of the grounds of the judgment. *Lyman v. Becannon* 29 Mich. 466; *Phillips v. Berick* 16 Johns. 136; *Snider v. Croy* 2 Johns. 227; *Wilder v. Case* 16 Wend. 583; *Emmons v. Dowe* 2 Wis. 332; *Royce v. Burt* 42 Barb. 655; *Hall v. Jones* 32 Ill. 38; Abbott's Trial Evidence 833.

SHERWOOD, J.   The declaration in this case is on the common counts in assumpsit, accompanied by a bill of particulars consisting of three items. The plea is the general issue with notice of former suit and adjudication of the same matter in bar. The case originated in justice's court where the plaintiff had judgment, and on appeal to the circuit the plaintiff again obtained judgment, and the proceedings therein had are before us on error for review. The cause was tried before the circuit judge without a jury, and the case comes up on special findings; the record containing also a bill of exceptions.

There was testimony supporting all the findings of fact, and from these findings it appears that another suit had previously been brought by the plaintiff against the defendant for the same cause before a justice of the peace in Mackinaw county, and a judgment rendered therein of no cause of action and for costs; that the declaration in the former suit was verbal on the common counts, and showed none of the items or particulars of the plaintiff's claim; that the plea in the case was also verbally made, being the general issue, with notice of recoupment and set-off, with no particulars stated; that it was urged by the defendant on the former trial that the plaintiff's suit was prematurely brought, his claim not being due when the action was commenced, and that the justice so held and did not pass upon the merits of the plaintiff's claim, but made no entry upon his docket to that effect, other than his giving the judgment stated.

The circuit court permitted the justice and counsel in the case to testify as to what claims were made and litigated upon that trial, and the former to state that he gave judgment for the defendant upon the sole ground that the plaintiff's claim was not due, and that he did not pass upon the merits.

Upon the testimony given the circuit judge found the above to be the facts. To the admission of this testimony and the findings of the circuit judge the defendant objected and took his exceptions.

We think the ruling of the court was correct, and the

judgment well supported by the findings. Nothing appears in the pleadings or record in the suit tried before the justice, showing what particular claims or items were litigated or passed upon in that court. The findings of the circuit judge show that the claim of the plaintiff was not then due. In order to bar the plaintiff's claim it must appear that he had a legal right to bring his action therefor when his suit was brought, and that in the litigation had, the merits of his claim were passed upon by the justice in giving judgment. *Tucker v. Rohrback* 13 Mich. 73. The evidence offered under the circumstances of this case was proper to show that the merits of the plaintiff's claim were not litigated or passed upon in the former suit. *Lyman v. Becannon* 29 Mich. 466.

We find no error in the record and the judgment must be affirmed.

The other Justices concurred.