HATCH *v.* WAYNE CIRCUIT JUDGE.

1. TRIAL—REFUSAL OF JUDGE TO PROCEED.
   Where it appears on the trial of an action that a suit for the same cause of action has been determined by a judgment in favor of defendants, and plaintiff contends that the judgment presents no obstacle to his recovery, because he was not present when the case was disposed of, the judge should direct a verdict either for or against plaintiff, and has no right to refuse to proceed with the trial.

2. MANDAMUS—DISCRETION—AWARD NOT BENEFICIAL.
   The plaintiff in a suit will not be awarded a mandamus to compel the court in which the suit was brought to proceed to trial, where it would be the court's duty upon such trial to direct a verdict for defendant.

3. JUDGMENT—VALIDITY—COLLATERAL ATTACK.
   A judgment in form on the merits cannot be falsified by evidence not of record, to the effect that plaintiff, against whom the judgment was rendered, was not present and introduced no witnesses at the trial; but relief from such a judgment can be obtained only by having the judgment entry corrected by the court which committed the error, or in a court having appellate jurisdiction.

Mandamus by William B. Hatch, administrator of the estate of Charles L. Andress, deceased, to compel Robert E. Frazer, circuit judge of Wayne county, to proceed with the trial of a cause. Submitted October 4, 1904. (Calendar No. 20,649.) Writ denied November 15, 1904.

*William B. Hatch* (*Bernard B. Selling*, of counsel), in pro. per.
*Davis & Bromley*, for respondent.

CARPENTER, J. Relator commenced a suit in the circuit court for the county of Wayne against Lucy A. Andress and Anna Morris. When this suit came on for trial before respondent and a jury, it was made to appear that a suit for the same cause of action against defendants, in-

stituted by relator as plaintiff, in the Oakland circuit court, had been determined by a judgment, in form on the merits, in favor of defendants. Relator contended that this judgment presented no obstacle to his recovery in the present suit, because, when the case was disposed of, plaintiff was not present, and swore no witnesses. Respondent decided against this contention of relator, and declined to proceed further with said trial. Relator seeks by this proceeding a mandamus to compel respondent to proceed with the trial of his case.

Respondent had no right to refuse to proceed with the trial. It was, at the least, his duty to direct a verdict either for or against plaintiff. If, however, it was respondent's duty to direct a verdict for defendants on the ground that the judgment in the Oakland circuit court was a bar to this suit, relator has no real grievance. It would be an abuse of our discretionary powers to issue a writ of mandamus compelling respondent to try such a case, for it would only result in wasting money in prosecuting fruitless litigation.

It seems, therefore, our obvious duty to determine whether or not respondent should have directed a verdict for defendants. Relator contends that the judgment rendered in the Oakland circuit court does not bar his recovery in this suit, because he introduced no witnesses, and was not present when the case was tried. As the record does not show the circumstances relied upon by relator to lessen the effect of the judgment, it is obvious that his contention cannot prevail, unless it is competent to prove the falsity of the judgment record by evidence not of record.

*Tucker* v. *Rohrback*, 13 Mich. 73, *Wood* v. *Faut*, 55 Mich. 185, and *Hoffman* v. *Silverthorn*, 137 Mich. 60, cited by relator, are all inapplicable.

In *Tucker* v. *Rohrback*, supra, this court held that an adjudication that plaintiff and another did not have a claim against defendant was no bar to a suit in which plaintiff alone sought to enforce that claim.

In *Wood* v. *Faut*, supra, it was held that it was competent to prove that a judgment of no cause of action was rendered on the ground that suit was prematurely brought. This holding proceeded upon the theory that such evidence did not contradict the record.

In *Hoffman* v. *Silverthorn*, supra, it was held, not that a record could be contradicted by parol evidence, but that, in the absence of affirmative testimony, it would not be presumed that an order denying a mandamus decided the merits of a controversy.

The law touching the question under consideration is correctly stated in 1 Greenleaf on Evidence (16th Ed.), § 305*g*, as follows:

"This record [the record of a court] is, in legal theory, not a testimonial report by the officer of the proceedings, nor a copy of some other written act; it is the proceeding and the act itself; * * * and consequently it cannot be shown that something was done which is not noted in the record, or that a thing noted in the record was in truth done differently."

It follows that if there was, as relator claims, error in entering a judgment on the merits, he can obtain relief by, and only by, having the judgment entry corrected; and this relief must be sought in the court that erred, or in a court having appellate jurisdiction.

It may not be out of place to say in this connection— though this circumstance is not material to our decision— that, while relator has asked the Oakland circuit court to set aside said judgment, it does not appear that he has ever applied to have the judgment entry amended.

The mandamus applied for should be denied. But under the circumstances, no costs will be awarded.

The other Justices concurred.