HILL v. LAUGHLIN, Judge.—67 S. W. (2d) 568.

Western Section. November 24, 1933.

Petition for Certiorari denied by Supreme Court, January, 1934.

J. O. Bomer, Jr., of Memphis, for petitioner.

PER CURIAM. This matter is before us on a petition for an alternative writ of mandamus directed to the respondent, H. W. Laughlin, judge of division 4 of the circuit court of Shelby county, requiring him to sign a bill of exceptions tendered him in the case of Mrs. Mary Brown Hill v. Travelers' Insurance Company et al.; or, in the alternative, show cause why he should not do so.

This petition was presented to a judge of this court for a fiat on September 23, 1933, and the application for a fiat was then denied upon grounds set out in a written memorandum attached to said petition.

On November 22, 1933, the petitioner, through her attorney, appeared in open court and asked leave of court to renew her application to the court as a whole, and such leave was granted, and argument was then heard on said application.

It appears from the petition that there have been several trials of the case, and that upon a recent trial the plaintiff recovered a verdict against the insurance company for $12,000, which verdict was set aside by the respondent on a motion for a new trial; whereupon the plaintiff seasonably tendered a bill of exceptions to respondent, and he refused to sign said bill of exceptions, or any bill of exceptions, on July 13, 1933.

We have given this application the careful consideration which the importance of the case to the plaintiff deserves; but we are still constrained to deny the application for the writ.

■ In the first place, the petition presented fails to show proper cause for the issuance of the writ; it contains no averment that the bill of exceptions tendered the respondent contained a full, fair, complete, and accurate account of the proceedings had on the trial of the cause. The fact the respondent declined to sign said bill of exceptions at least raises a presumption that it was not a full, complete, and accurate bill of exceptions, and this presumption should be met with a recital in the petition that the bill tendered was good in this respect. Petitioner was not entitled to have it signed unless it was a true, complete, and accurate bill of exceptions; but, notwithstanding the fact that this weakness in the petition was pointed out on the first application for the writ, it has not been amended in this respect.

In the case of Hume v. Schintz, 90 Tex., 72, 36 S. W., 429, the Supreme Court of Texas say:

"It has been the practice of this court . . . to examine every petition for a writ of mandamus, with a view to determine whether good grounds for the writ are shown or not, and, unless probable cause appear from the allegations of the petition, to decline to order citation to issue, and to dismiss the case. Having carefully considered the petition before us, we are of opinion that process should not be ordered, and that it should be dismissed."

As stated by Justice Lurton in the opinion in the case of Vanvabry v. Staton, 88 Tenn. at page 334, 341, 12 S. W., 786, 788:

"The usual course is for adversary counsel to agree upon a bill of exceptions, and present it to the judge for his signature. Failing to agree, the practice is to submit their differences to him for settlement."

There is no averment here that this bill of exceptions was shown to opposing counsel so that they might approve it or point out their objections to it; it is not even averred that the petitioner had tendered a bill of exceptions which the respondent should have signed. It is boldly stated that he should sign the one tendered, or correct it, or write one himself. We think this is asking too much of the trial judge.

Treating the petition as if it stood on demurrer, or as if the respondent were here asserting by way of defense the important facts omitted from the petition, the petitioner is not entitled to the writ, and her application upon this ground must be denied.

■ But, upon another ground, the writ must be denied. The application was not seasonably made. The respondent refused to sign the bill of exceptions tendered him on July 13th. The first applica-

tion for a fiat for the writ was made on September 23d, seventy-two days later. The time for filing a bill of exceptions had elapsed.

The term of court had expired. The bill of exceptions, if signed at that time, would have been useless.

In 38 Corpus Juris, title "Mandamus," at page 614, it is said that the writ will not be issued against a judicial officer if for any reason it would be useless or unavailing. Many cases are cited in support of this text.

In Mahon v. Donovan, Wayne Circuit Judge, 154 Mich., 497, 118 N. W., 1, the court declined to issue the writ upon the ground that it was not then necessary, and might never become necessary, for the protection of the relator's rights. In that case the relator presented to the respondent a bill praying for an injunction restraining the Detroit Baseball Company from playing baseball in Bennett Park, Detroit, on Sunday, September 20, and Sunday, September 27, 1908, or on any other Sunday thereafter. Respondent declined to issue the writ, whereupon the relator, on September 22d (which was after the close of the season), applied to the Supreme Court for a writ of mandamus to compel respondent to issue the writ; the application was refused because it was not necessary at that time for the protection of the relator's rights, and might never become necessary, as his case might be determined on the merits before the following season opened.

In Hatch v. Frazer, Wayne Circuit Judge, 138 Mich., 184, 101 N. W., 228, 229, there was an application for a writ of mandamus to compel the respondent to proceed with the trial of a cause then pending before him. The court held that the trial court should have proceeded with the trial and directed a verdict either for or against the plaintiff, but, if he had directed a verdict in favor of the defendants, the relator would have had no real grievance; and the court say:

"It would be an abuse of our discretionary powers to issue a writ of mandamus compelling respondent to try such a case, for it would only result in wasting money in prosecuting fruitless litigation," —and the writ was accordingly denied.

We can see nothing to be gained for the petitioner herein by the signing of a bill of exceptions at this time; it would avail nothing if she had it. So, upon this ground also, the application for the writ must be denied.

Senter, P. J., and Anderson and Ketchum, JJ., concur.