WEST MICHIGAN PARK ASSOCIATION v DEPARTMENT OF
NATURAL RESOURCES

Docket No. 78-2182. Submitted June 6, 1979, at Grand Rapids.—
Decided July 16, 1979.

In an action in 1958 by plaintiffs, West Michigan Park Associa-
tion and others, it was held that certain platted park lands in
Ottawa County and the subject of the present appeal, were held
in fee by Ottawa County, that the county had the authority to
transfer the care and control of the land by lease to the
defendant Department of Natural Resources (then known as
the Department of Conservation) and that the Ottawa Circuit
Court amply provided for protection of the plaintiffs and the
public by retaining jurisdiction for that purpose, *West Michi-
gan Park Ass'n v Dep't of Conservation,* 2 Mich App 254; 139
NW2d 758 (1966), *lv den* 377 Mich 709 (1966). In January of
1978 Ottawa County filed a petition with the court seeking
approval of a proposed lease of some land including the park
land to the Township of Park for public park purposes. The
court ordered the county to notify certain affected parties. The
West Michigan Park Association (WMPA) and Daniel Aument
filed objections to the petition, complaining that, among other
things, the county had no authority to transfer the care and
control of the platted park lands to Park Township and that
the WMPA had purchased the property and water service
facility located within the park lands subsequent to the plat-
ting of the park and that the lease did not recognize those
rights. The trial court, Calvin L. Bosman, J., substituted the
Department of Natural Resources (DNR) for the Department of
Conservation, found that the DNR had properly terminated its
lease with the county, approved the new lease proposal to Park
Township, dismissed the DNR as a party without notice to the
plaintiffs and retained jurisdiction. Plaintiffs appeal. *Held:*

1. A county owning park lands has the authority to lease the
lands to a township under statutes providing that any county
or township may operate a system of public recreation and

REFERENCE FOR POINTS IN HEADNOTE
59 Am Jur 2d, Parks, Squares, and Playgrounds § 11.

playgrounds independently or may cooperate in any way they may agree.

2. To the extent the lease purported to convey an interest in property not owned by the county, it was defective and should not have been approved.

3. Dismissal of the DNR from the suit without notice to plaintiffs, contrary to the court rule, was improper.

Reversed and remanded for further proceedings.

Counties — Townships — Park Lands — Statutes.

> A county owning park lands has the authority to lease the lands to a township under statutes providing that any county or township may operate a system of public recreation and playgrounds independently or may cooperate in its conduct in any way they may agree (MCL 123.51, 123.53; MSA 5.2421, 5.2423).

*Edward D. Wells,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Frank J. Pipp* and *Russell E. Prins,* Assistants Attorney General, for defendant Department of Natural Resources.

Before: R. B. Burns, P.J., and D. E. Holbrook, Jr., and B. D. Burdick,* JJ.

Per Curiam. This action arises indirectly out of an action previously decided by this Court. *West Michigan Park Ass'n v Dep't of Conservation,* 2 Mich App 254; 139 NW2d 758 (1966), lv den 377 Mich 709 (1966). There, we held that Ottawa County held the fee title to certain park lands which are now the subject of this appeal, that under MCL 318.7; MSA 13.1015 the county had the authority to transfer the care and control of those parks, by lease, to the state and that the "judgment of the circuit court amply provided for

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

protection of plaintiffs' rights in and to said public lands by retaining jurisdiction of the matter to preserve and protect the rights of plaintiffs and the general public in said lands". 2 Mich App 254, 268.

Now, the state has terminated its lease and the county seeks to lease the park lands to Park Township. We hold that the county also has that authority under MCL 123.51; MSA 5.2421, which provides that "[a]ny * * * county or township may operate a system of public recreation and playgrounds", and MCL 123.53; MSA 5.2423, which provides that "[a]ny * * * county [or] township * * * may operate such a system independently or * * * may cooperate in its conduct in any manner in which they may mutually agree".

However, the lease approved in the case at bar failed to incorporate an exclusion for certain pump house property, fee title to which was obtained by plaintiff West Michigan Park Association, Incorporated, subsequent to the date of our previous decision. To the extent the lease does purport to convey an interest in property not owned by Ottawa County, it is defective and, therefore, should not have been approved.

Finally, defendant DNR was dismissed from the trial court's continuing jurisdiction in this lawsuit without notice to plaintiffs pursuant to GCR 1963, 107. This was done in violation of GCR 1963, 202. Defendant DNR was not misjoined, GCR 1963, 207, but rather its interest was merely transferred to Park Township. Therefore, defendant DNR should be reinstated, subject to dismissal upon motion properly made.

Reversed and remanded for proceedings not inconsistent with this opinion. No costs, a public question.