ROCHOW v SPRING ARBOR TOWNSHIP

Docket No. 82818. Submitted February 11, 1986, at Lansing. Decided July 7, 1986.

Plaintiffs, John J. Rochow and Ellen J. Rochow, brought an action for injunctive relief in the Jackson Circuit Court against defendants, Spring Arbor Township and Jackson County Road Commission. Plaintiffs' complaint charged that defendants' contemplated activities in removing certain trees along Bowerman Road in Spring Arbor Township, Jackson County, and in widening and paving said road would violate the provisions of the Michigan Environmental Protection Act and would result in the taking of plaintiffs' property without just compensation. Following an evidentiary hearing, the circuit court, Russell E. Noble, J., found no cause for action and dismissed the complaint. Plaintiffs appeal. *Held:*

1. The trial court did not err in determining that no violation of the MEPA existed.

2. The record discloses a paucity of evidence to establish plaintiffs' claim that the Bowerman Road project was merely a part of an overall policy by defendant road commission to summarily remove trees without consideration of environmental factors.

3. The Court of Appeals noted in regard to plaintiffs' contention that because of their mowing of the grass between the traveled portion of the roadway and the remainder of the statutory thirty-three-foot right of way along the 300-foot frontage of plaintiffs' five-acre parcel that they have retained control over this area, that no evidence was presented by plaintiffs that either they or their predecessors in title had retained control over the disputed area during any part of the time that the ten-year statutory period for establishing a public highway under the doctrine of user was running.

4. The mowing of the grass in the disputed area is not such

REFERENCES

Am Jur 2d, Appeal and Error § 545.

Am Jur 2d, Highways, Streets, and Bridges §§ 25 *et seq.,* §§ 52, 53, 61, 158, 159.

Extent of, and permissible variations in, use of prescriptive easements of way. 5 ALR3d 439.

evidence as would put the public on notice that the landowner is claiming exclusive use of the premises.

Affirmed.

1. APPEAL — PRESERVING QUESTION.

The Court of Appeals generally will not review issues which are raised for the first time on appeal.

2. HIGHWAYS — HIGHWAY BY USER — WIDTH OF HIGHWAYS — GRASS MOWING.

A rebuttable presumption that a road established pursuant to the "highway by user" statute is four rods, or sixty-six feet, wide arises where the elements of a "highway by user" are established; to rebut the presumption, a landowner's control of the disputed area within the width provided by the statute must have been open, notorious, and adverse during the time that the statutory ten-year period of continued and uninterrupted use of the highway was running (MCL 221.20; MSA 9.21).

3. HIGHWAYS — HIGHWAY BY USER — TITLE TO LAND.

A landowner is not deprived of the title of his property where he, by statute, impliedly dedicates his land to the use of the public for highway purposes (MCL 221.20; MSA 9.21).

4. HIGHWAYS — HIGHWAY BY USER — REGAIN OF CONTROL BY LAND-OWNER.

A landowner who has impliedly dedicated his land to the use of the public for highway purposes can regain control over a part, or all, of the land so impliedly dedicated only by taking some affirmative action such as erecting a structure or a fence or some other activity on the disputed land which is open, notorious, hostile, and adverse to rights of the public in the highway right of way; such activity of the landowner must be evidence to the public that the landowner is claiming exclusive use of the disputed lands and must have been in evidence, and uninterrupted, for a period of fifteen years (MCL 221.20, 600.5821[1]; MSA 9.21, 27A.5821[1]).

*Marks & Smith, P.C.* (by *James O. Marks*), for plaintiffs.

*Kelly, Kelly & Kelly* (by *William J. Kelly*), for the Jackson County Road Commission.

Before: R. B. BURNS, P.J., and BRONSON and J. C. TIMMS,* JJ.

J. C. TIMMS, J. Plaintiffs' complaint for injunctive relief charged that defendants' contemplated activities in removing certain trees along Bowerman Road in Spring Arbor Township, Jackson County, and in widening and paving said road would violate the provisions of the Michigan Environmental Protection Act, MCL 691.1201 *et seq.;* MSA 14.528(201) *et seq.,* and would result in a taking of plaintiffs' property without just compensation. Following an evidentiary hearing, the circuit judge found no cause for action and dismissed the complaint. We affirm.

Plaintiffs, who have resided on Bowerman Road for over ten years, own a seventeen-acre parcel on the west side of the road, on which their residence is located and which had seventy-five feet of frontage on the road, together with a single-family dwelling on a five-acre parcel on the east side of Bowerman Road, which includes 330 feet of road frontage.

The road is a heavily tree-lined, graveled, rural secondary road under the jurisdiction of defendant Jackson County Road Commission, and was established many, many years ago under the doctrine of user as provided in MCL 221.20 *et seq.;* MSA 9.21 *et seq.* The road bed, or traveled portion of the road, is approximately twenty-four to twenty-six to twenty-eight feet in width, depending upon whose testimony is to be believed. There is no shoulder or ditching on either side of Bowerman Road as it passes plaintiffs' property. The lawn located on plaintiffs' five-acre parcel runs directly to the edge

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of the road and has been maintained by plaintiffs since they have owned the property.

Defendants' project for reconstructing Bowerman Road anticipated expanding the road to a width of forty-four feet, which would include shoulders and drainage ditches on both sides, and further contemplated the removal of all trees within five to six feet of the edge of the shoulders of the roadway as widened. Plaintiffs' testimony indicated that there was two hundred forty-eight trees of varying sizes which had been marked for removal in the .7-mile length of the project.

Since this appeal was taken, substantially all of the work contemplated on Bowerman Road has been completed.

Plaintiffs contend that defendant road commission summarily embarks upon tree removal throughout Jackson County without consideration of environmental factors and that the circuit court should compel defendant road commission to adopt rules that would require the consideration of environmental factors in all of its road construction projects.

Plaintiffs further contend that the widening of Bowerman Road to forty-four feet constitutes a taking of from sixteen to twenty feet of their property of varying lengths, depending upon which parcel of land is considered, without just compensation being paid for the land.

The issue of the refusal of the circuit court to compel defendant road commission to formulate rules requiring consideration of environmental factors in all of its road construction projects was first raised in this appeal. Generally, this Court will not review issues which are raised for the first time on appeal. *Sowels v Laborers' International Union of North America,* 112 Mich App 616, 623; 317 NW2d 195 (1981). However, even if this issue

had been preserved, upon careful examination of the evidence and the findings of the court, and in light of *Kimberly Hills Neighborhood Ass'n v Dion,* 114 Mich App 495; 320 NW2d 668 (1982), and *Portage v Kalamazoo Co Road Comm,* 136 Mich App 276; 355 NW2d 913 (1984), lv den 422 Mich 883 (1985), we find no error in the court's determination that no violation of MEPA existed.

Further, the record discloses a paucity of evidence to establish that the Bowerman Road project was merely a part of an overall policy by defendant road commission to summarily remove trees without consideration of environmental factors.

Plaintiffs suggest that because of their mowing of the grass between the traveled portion of the roadway and the remainder of the statutory thirty-three foot right of way along the 330-foot frontage of plaintiffs' five-acre parcel, they have retained control over this area. They contend that by widening the roadway to forty-four feet the county would be taking a parcel of their land of dimensions from sixteen to twenty feet wide and three hundred thirty feet long without just compensation therefor. For this proposition, plaintiffs rely upon *Rigoni v Michigan Power Co,* 131 Mich App 336; 345 NW2d 918 (1984).

We believe that plaintiffs accord too broad an interpretation to the statement in *Rigoni* that:

> [I]f the landowner offers any evidence to rebut the presumption, the situation changes. Evidence that a structure exists within the four-rod statutory width, or any other evidence that the landowner retained control of an area within the statutory width, is sufficient to rebut the presumption. [131 Mich App 344. Citations omitted.]

We believe that a clear reading of the cases

upon which *Rigoni* is based requires that, to rebut the presumption, the landowner's control of the disputed area must have been open, notorious, and adverse during the time the statutory ten-year period of continued and uninterrupted use of the highway was running. See *Eager v State Highway Comm'r,* 376 Mich 148, 154-155; 136 NW2d 16 (1965), and *Ellsworth v Grand Rapids,* 27 Mich 249, 256 (1873).

No evidence was presented by plaintiffs that either they or their predecessors in title had retained control over the disputed area during any part of the time the ten-year provision of the statute was running. Cf. *Eager, supra,* pp 151-152. It should be remembered that the landowner has not been deprived of the title of his property, but rather he has by statute impliedly dedicated the use of his property to the public for highway purposes. See *Eager, supra,* p 154; *Ellsworth, supra.*

Once having impliedly dedicated his land to the use of the public for highway purposes, the landowner can regain control over a part, or all, of the land so impliedly dedicated only by taking some affirmative action such as erecting a structure or a fence or some other activity on the disputed land which is open, notorious, hostile, and adverse to rights of the public in the highway right of way. Such activity by the landowner must be evidence to the public that the landowner is claiming exclusive use of the disputed lands. Further, such activity of the landowner must have been in evidence, and uninterrupted, for a period of fifteen years. MCL 600.5821(1); MSA 27A.5821(1); see *Mackinac Island Development Co, Ltd v Burton Abstract & Title Co,* 132 Mich App 504, 518; 349 NW2d 191 (1984), lv den 422 Mich 939 (1985).

We hold that the mowing of grass in the disputed area is not such evidence as would put the public on notice that the landowner is claiming exclusive use of the premises. *Mackinac Island Development Co, supra.*

We believe that this decision is in harmony with *Laug v Ottawa Co Road Comm,* 37 Mich App 757; 195 NW2d 336, lv den 387 Mich 767 (1972).

Affirmed.