WEST MICHIGAN PARK ASSOCIATION, INC v FOGG

Docket No. 84007. Submitted February 4, 1986, at Grand Rapids. Decided January 2, 1987. Leave to appeal applied for.

West Michigan Park Association, Inc. (WMPA) and others brought an action in the Ottawa Circuit Court against Clyde W. Fogg and others, alleging trespass. Plaintiffs alleged that Fogg had entered onto property previously dedicated to the public for use as a park, a portion of which was the site of a pump house that WMPA claimed it either owns in fee or has a possessory interest in with a right to control its use. Plaintiffs sought injunctive orders for the removal of docks and watercraft owned by Fogg from the pump house property, as well as an order restraining Fogg from interfering with the use of the pump house property by WMPA members. The trial court, following a bench trial, James E. Townsend, J., (1) found that fee title to the entire property lies in Ottawa County, subject to a lease of the property to Park Township, (2) declined to order the removal of the dock, slips or boats moored at the pump house property, but ruled that both WMPA and Fogg had equal rights of access to the property as members of the general public, and (3) issued an injunction precluding Fogg from claiming superior rights to the use of the docks, slips and ramps at the pump house property. Plaintiffs appealed.

The Court of Appeals held:

1. Title to the entire property and the pump house property in particular has been the subject of previous litigation involving WMPA, the Department of Natural Resources and its predecessor, the Department of Conservation, and numerous other parties. However, adjudication of WMPA's claims of ownership in fee regarding the pump house property is not barred by the doctrine of res judicata, since the case upon which plaintiffs base their claim of res judicata did not result in a determination on the merits of WMPA's claim of ownership in fee regard-

REFERENCES

Am Jur 2d, Equity § 266.
Am Jur 2d, Judgments §§ 394 et seq.
See the annotations in the Index to Annotations under Appeal and Error; Res Judicata.

ing the pump house property after the Court of Appeals had remanded that case for further proceedings.

2. WMPA's claim of ownership in fee regarding the entire property was likewise a subject of prior litigation but was not decided on the merits. Therefore, adjudication in this case is not barred by the doctrine of res judicata.

3. Plaintiff's claim of adverse possession regarding the pump house property properly could have been brought in prior litigation involving the parties and thus adjudication of that claim is, as the trial court ruled, barred by the doctrine of res judicata.

4. The trial court did not err in concluding that WMPA was not entitled to exclude the Foggs from the pump house property based on its finding that WMPA and the Foggs have an equal right to use the pump house property, both being members of the general public of Ottawa County to whom the entire property including the pump house property was dedicated for public use.

5. The trial court properly refused to order the Foggs to remove the docks, boat slips and pilings which the Foggs have constructed or maintained on a lake adjacent to the pump house property. Regulation of the use and maintenance of the dock lies with the fee owner, Ottawa County, or its lessee, Park Township, subject to the rights of the lot owners which were reserved in the dedication of the entire property.

Affirmed.

DANHOF, C.J., concurred, but wrote separately to state his disagreement with the reasons stated by the majority in holding that the case upon which plaintiffs based their claim of res judicata was not entitled to res judicata effect with regard to the issue of WMPA's claimed fee title to the pump house property. Instead, he would hold that the reason that case was not entitled to res judicata effect stems from the fact that the issue of ownership of the pump house property was, as the trial court in this case properly concluded, not actually litigated in the trial court.

1. WORDS AND PHRASES — RES JUDICATA.

The doctrine of res judicata provides that where two parties have fully litigated a particular claim and a final judgment has resulted, that claim may not be relitigated by either party; a prior judgment constitutes a bar in a subsequent action where: (1) the former action was decided on the merits; (2) the same matter contested in the second action was decided in the first; and (3) the two actions involved the same parties or their privies.

2. EQUITY — APPEAL.

    The Court of Appeals reviews de novo the decisions of trial courts in equity cases; however, great weight will be given to the findings of the trial court and those findings will be sustained on appeal unless the Court of Appeals is convinced that the findings of the trial court are clearly erroneous; the Court of Appeals will then review the record de novo to determine whether the equitable relief granted was appropriate in light of the circumstances.

*Cholette, Perkins & Buchanan* (by *Edward D. Wells*), for plaintiffs.

*Kenneth W. Doss,* for Clyde W. Fogg.

*Scholten, Fant & Marquis, P.C.* (by *Gregory J. Rappleye*), for Park Township.

*Wesley J. Nykamp* and *Gregory J. Babbitt,* for Ottawa County.

Before: DANHOF, C.J., and R. M. MAHER and J. C. KINGSLEY,* JJ.

PER CURIAM. This is an appeal from an order of the Ottawa Circuit Court denying the plaintiffs' claim for various forms of equitable relief in connection with an alleged trespass by defendant, Clyde W. Fogg. We affirm the trial court's order.

    The alleged trespass occurred on a portion of land adjacent to a red brick pump house located in park area 12 which was formerly a portion of Ottawa Park as platted in the West Michigan Park Plat of 1886. The West Michigan Park plat lies within Park Township on the northern shore of Lake Macatawa in Ottawa County. The plat covers 150 lots and adjacent, publicly dedicated parklands. Ownership and control of the publicly dedicated parklands within the plat has been the

---

    * Circuit judge, sitting on the Court of Appeals by assignment.

subject of numerous, reported appellate decisions. In the present action, the West Michigan Park Association, Inc. (WMPA) alternatively asserts a fee ownership or a possessory interest with right to control the pump house property.

It is undisputed that Clyde W. Fogg began his activities on the pump house property in April of 1965. Fogg improved or rebuilt an existing dock. He moored several boats there, including a seventy-three-foot, seventy-ton tug boat. Fogg also rented slips to several other individuals, lengthened the dock, moored a barge and maintained the road across the land. At times, he also excluded the public, including WMPA members, from the property with threats and barriers.

The plaintiffs filed this action against Fogg on September 2, 1975, requesting various forms of equitable relief, including injunctive orders for the removal of docks and watercraft owned by Fogg, as well as an order restraining Fogg from interfering with use of the property by WMPA members. Amended pleadings added the township, county and others and requested a decree that fee title to the pump house property rests with the WMPA.

After a bench trial on April 16, 1981, the trial court found that fee title to the property lies in the county, subject to a lease of the property to the township. The trial court declined to order the removal of the dock, slips or boats moored at the site, but ruled that both the WMPA and Fogg had equal right of access to the property as members of the general public. Finally, the trial court issued an injunction precluding Fogg from asserting or claiming superior rights to the use of the docks, slips and ramps on the pump house property.

The plaintiffs first argue that the trial court erred in failing to hold that their fee simple ownership of the pump house property is res judicata

under *West Michigan Park Ass'n v Dep't of Natural Resources,* 91 Mich App 641; 283 NW2d 744 (1979). The doctrine of res judicata is a manifestation of the recognition that endless litigation leads to vexation, confusion and chaos for the litigants as well as inefficient use of judicial resources. *Rogers v Colonial Federal Savings & Loan Ass'n of Grosse Pointe Woods,* 405 Mich 607, 615; 275 NW2d 499 (1979). As this Court has explained:

> The doctrine of res judicata provides that where two parties have fully litigated a particular claim and a final judgment has resulted, that claim may not be relitigated by either party. In *Tucker v Rohrback* [13 Mich 73, 75 (1864)], the Supreme Court delineated three prerequisites for a prior judgment to constitute a bar in a subsequent action: (1) the former action must have been decided on the merits; (2) the same matter contested· in the second action must have been decided in the first; and (3) the two actions must be between the same parties or privies. [*Ward v DAIIE,* 115 Mich App 30, 37; 320 NW2d 280 (1982).]

Michigan follows a broad application of the doctrine of res judicata, barring both those claims actually litigated in the prior action *and* those claims which could have been, but were not, litigated.[1] *Gose v Monroe Auto Equipment Co,* 409 Mich 147; 294 NW2d 165 (1980); *Cramer v Metropolitan Savings Ass'n (Amended Opinion),* 136 Mich 387, 394; 357 NW2d 51 (1984). An adjudication of title to real property presents no exception to these general principles. See 46 Am Jur 2d, Judgments, § 541, P 698.

*West Michigan Park Ass'n v Dep't of Natural Resources,* 91 Mich App 641; 283 NW2d 744 (1979)

---

[1] We are also aware of the waiver provision contained in GCR 1963, 203.1. Cf., MCR 2.203(A). However, we find it inapplicable in this instance for reasons stated *infra.*

(*DNR*), upon which the plaintiffs base their claim of res judicata, must be seen in light of our previous decision in *West Michigan Park Ass'n v Dep't of Conservation,* 2 Mich App 254; 139 NW2d 758 (1966), lv den 377 Mich 709 (1966) (*Dep't of Conservation*). In *Dep't of Conservation* we held that title to all of the park land in the plat of West Michigan Park was held in fee by the County of Ottawa as a result of the recording and accepting of the 1886 plat of the development. Thus, we upheld the lease of the park land in the plat by the county to the Department of Conservation. Subsequently, in *DNR*, we held that the County of Ottawa was also empowered to lease the same lands to the township. In *DNR* we held:

> However, the lease approved in the case at bar failed to incorporate an exclusion for certain pump house property, fee title to which was obtained by plaintiff West Michigan Park Association, Incorporated, subsequent to the date of our previous decision. To the extent the lease does purport to convey an interest in property not owned by Ottawa County, it is defective and, therefore, should not have been approved. [*DNR, supra,* p 643.]

Turning to the first *Tucker* prerequisite, we note that a bench trial was held in *Dep't of Conservation* and that judgment was entered. We affirmed that judgment on appeal. *DNR* was similarly an appeal from a bench trial. However, we reversed the trial court's decision in *DNR* and remanded for further proceedings. The parties have not presented any documents showing the result of further proceedings and we decline to view the above-quoted language from *DNR* as a determination of the WMPA's fee ownership of the pump house property on the merits. First, we note that *DNR* includes no legal description of the disputed prop-

erty.[2] Second, we find no discussion of the parties' claims to the property in *DNR*. Third, we are unpersuaded that a denial of an application for leave to appeal or a motion for rehearing constitutes a decision on the merits. See, e.g., *Malooly v York Heating & Ventilating Corp*, 270 Mich 240, 247; 258 NW 622 (1935); *Tebo v Havlik*, 418 Mich 350, 371 n 2; 343 NW2d 181 (1984); *People v Hayden*, 125 Mich App 650, 662; 337 NW2d 258 (1983). Thus, we conclude that the initial *Tucker* prerequisite has not been met. The WMPA's fee ownership of the pump house property is not res judicata based upon *DNR* or *Dep't of Conservation*.

We also reject the proposition that WMPA's fee ownership of all of the park land in the plat is res judicata based upon *Kirchen v Remenga*, 291 Mich 94; 288 NW 344 (1939). That issue was expressly considered in *Dep't of Conservation* in which we held:

> It is apparent from the ruling in the *Kirchen Case*, plaintiffs therein, who are now plaintiffs in this case or their predecessors in title, did not claim exclusive rights in the said "park" lands of said plat, but only the right to use the same with the general public. [*Dep't of Conservation, supra,* p 264.]

*Kirchen* did hold that the WMPA has certain rights in the platted park land, but did not determine the issue of fee title. We also find no inconsistency between *Dep't of Conservation* and *West Michigan Park Ass'n v Pere Marquette R Co*, 172 Mich 179; 137 NW 799 (1912). In the latter decision, our

---

[2] We also note, but do not base our decision on the fact, that the plaintiff has been unable to demonstrate a chain of title including a conveyance by the County of Ottawa subsequent to *Dep't of Conversation,* thus suggesting that the WMPA had not in fact obtained fee title to the pump house property "subsequent to the date of our previous decision."

Supreme Court merely held that the WMPA had failed to substantiate its claim of title to the dedicated areas in the plat. Pere Marquette did not counterclaim for similar relief. No determination of Pere Marquette's interest was made in that decision.

The plaintiffs next argue that the trial court erred in rejecting WMPA's claim to the pump house property by adverse possession. We agree with the trial court that the plaintiffs' pleadings do not state a claim for adverse possession. See *Rochow v Spring Arbor Twp,* 152 Mich App 773; 394 NW2d 102 (1986). Moreover, we agree with the trial court that this issue is res judicata based upon *West Michigan Park Ass'n v Dep't of Conservation,* 2 Mich App 254; 139 NW2d 758 (1966), lv den 377 Mich 709 (1966).

Regarding the first *Tucker* prerequisite, we again note that *Dep't of Conservation* was our affirmance of the trial court's determination that the property was held in fee by the county. The trial court's determination was made after a bench trial on the merits.

We also believe that the second *Tucker* prerequisite has been met in that the same matter contested in *Dep't of Conservation* is again at issue in the instant action. The plaintiffs concede that the pump house property lies within park area 12, "which is part of Ottawa platted 'park' in the Michigan Park Plat of 1886." In *Dep't of Conservation* we held:

> We conclude that the dedication of the "park" areas in the 1886 plat under the statute effected a grant of the fee to the county of Ottawa in trust for the public. [*Dep't of Conservation, supra,* p 267.]

While it is true that the plaintiffs did not claim

the property by adverse possession in *Dep't of Conservation,* that claim could have been made in *Dep't of Conservation.* It is therefore barred under *Gose.*

Finally, it is clear that the third *Tucker* prerequisite has been met. The WMPA, Ottawa County, and the State of Michigan were all parties to *Dep't of Conservation.* It is of course true that the present action also includes the township and the Foggs. However, neither of those parties now disputes the county's fee ownership of the pump house property. Thus, we can only conclude that the doctrine of res judicata bars the plaintiffs' pre-1907 claim to the property under the theory of adverse possession.

The WMPA next claims that the trial court erred in failing to find that it has an exclusive possessory interest in the property until the pump house is destroyed. The trial court's opinion did not address this issue directly, though it did conclude that the WMPA and the Foggs have an equal right to use the property as members of the general public. We again agree with the trial court's ruling.

The plaintiffs' claim to an "exclusive possessory interest" in the property is based upon *Kirchen v Remenga,* 291 Mich 94; 288 NW2d 344 (1939). In *Kirchen,* the Supreme Court held that the lot owners in the plat had a private right to preservation of the dedicated park land in the nature of an incorporeal hereditament. However, the Court also held that

> [t]he building in which the defendant Kilcare, Incorporated, operates a beer tavern was constructed as an adjunct to the hotel formerly on the premises prior to the latter's destruction by fire in 1923. It was used as a storage garage by the lot owners for many years thereafter, and in 1934

defendant corporation purchased it and remodeled it into a beer tavern at a cost of about $5,000. Because of the nature of the building and its location upon the premises, it cannot be said the defendant Kilcare, Incorporated, was bound to take notice of the decisions of the two prior cases. We do not hold that this beer tavern is necessary to the use of the lands dedicated for park purposes, but the lot owners appear not to have offered any objection to the remodeling and operation of the tavern. In the hotel formerly upon the premises, there was a bar and public dances took place in the hotel. Neither was objected to. The lot owners having stood by and allowed Kilcare, Incorporated, to spend approximately $5,000 in the improvement of the building which was erected upon the premises in connection with the hotel formerly there, we think there is just ground for holding they are estopped from questioning the right of the corporation to continue its maintenance. *McKee v City of Grand Rapids,* 137 Mich 200; 100 NW 580 (1904). [*Kirchen, supra,* pp 116-117.]

Similarly, in *Wells v Whinery,* 34 Mich App 626; 192 NW2d 81 (1971), lv den 386 Mich 758 (1971), we held that the owner of a cottage, which was erroneously built by the defendant's grandparents two-thirds on dedicated park lands within the same plat, could remain for the life of the structure. However, it was explained in *Wells* that the defendant, despite seventy years of continuous occupancy at the site, sought no permanent right in the park land.

Here WMPA similarly seeks an adjudication that the pumping station, which has been operated for many years for the benefit of lot owners, may remain and be maintained despite the fact that it is situated on dedicated park land. However, the WMPA's possessory interest in the land, by its own admission, dates no more than seventeen years and commenced subsequent to this Court's decision

in *Dep't of Conservation.*[3] Thus, the plaintiffs'
claim is instead analogous to those rejected in
*Kirchen:*

> Defendant Van Wieren built his house after the
> circuit court rendered its decision in *Westveer v*
> *Ainsworth,* [279 Mich 580; 273 NW 275 (1937)].
> The opinion therein indicated the lot owners had
> rights in the park lands. The decree of the circuit
> court as it affects the defendant Remenga is even
> more justifiable. Plaintiffs' bill of complaint was
> filed May 27, 1937. Remenga purchased his land
> and built his gasoline station in 1938. He acted at
> his peril while the litigation was pending involving
> the question of whether or not he could acquire
> title. His land was included in that covered by the
> petition in *Westveer v Ainsworth, supra,* and he
> must be charged with notice of the decision in that
> case. [*Kirchen, supra,* p 116.]

Even if we were to hold that the plaintiffs had an
equitable interest in the continuing use of the
pump house, a holding we specifically reject, we
would not find that interest to be inconsistent with
the right of the general public to use of the ripar-
ian interest in the property. Thus, we agree with
the trial court that the wmpa is not entitled to
exclude the Foggs from the pump house property.

Finally, the plaintiffs argue that the trial court
erred by failing to order the Foggs to remove the
docks, boat slips and pilings which they have
constructed or maintained on Lake Macatawa ad-
jacent to the pump house property. The plaintiff
lot owners do have an interest in dedicated public
areas of the plat. *Westveer v Ainsworth,* 279 Mich
580; 273 NW2d 275 (1937); *Kirchen, supra.* How-

---

[3] The plaintiffs originally pled that fee title was acquired by the
wmpa by quitclaim deed from the estate of one Hine Van Der Heuvel.
However, the plaintiffs were not able to trace a clear chain of title
through Hine Van Der Heuvel in the trial court and have now
abandoned the claim on appeal.

ever, *Westveer* and *Kirchen* hold that the plaintiff's interest does not preclude limited development to enhance the use of the land by the public. Here, the trial court found:

> Plaintiffs did not prove by the greater weight of evidence that defendant's dock and slips unduly interfere with reasonable public uses of the shore area. The restraint exercised by Ottawa County and Park Township in not requesting removal appears to this Court to be in the public interest and consistent with plaintiffs' initial prayer that defendant be enjoined from removing the dock and piling. Plaintiffs may seek relief if the County unreasonably refuses to protect public right to park property. We determine however that the County's position is reasonable and that of plaintiffs is unreasonable as it relates to the public interest factors concerning the continued existence of defendants' dock and slips in their present location.

As we have recently explained:

> In equity cases, this Court reviews the trial court's decision *de novo*. However, we attach great weight to the findings of the trial court and sustain those findings unless convinced that had we heard the evidence in the first instance we would have been compelled to make findings contrary to those actually made. In other words, we set aside the trial court's findings only where they are clearly erroneous. If the trial court's findings of fact are not clearly erroneous, then we review the record *de novo* to determine whether the equitable relief granted was appropriate in light of those facts. [*Attorney General v John A Biewer Co, Inc,* 140 Mich App 1, 12-13; 363 NW2d 712 (1985), lv den 422 Mich 855 (1985).]

After a careful review of the record, we are unable to say that the trial court's findings are

clearly erroneous. We further approve of the trial court's application of those findings to the equitable principles employed. In short, we affirm the trial court's holding that the township, as lessee of the property, may allow the dock to stand and be maintained as presently constructed. In doing so, we neither sanction any further development of the pump house property nor do we preclude the county or township from requiring removal of the dock. Regulation of the use and maintenance of the dock lies with the fee owner or its lessee, subject to the rights of the lot owners reserved in the dedication of the park lands of the plat.

Our resolution of these issues makes it unnecessary to consider the other issues raised by the parties.

Affirmed.

Danhof, C.J. (*concurring.*) I concur with the result reached in the majority opinion but write separately because I disagree with the rationale employed in reaching the conclusion that our decision in *DNR* is not entitled to res judicata effect. An appellate decision is not stripped of its precedential value simply because it does not set forth in detail, or at all, the positions of the parties. Nor is it significant that our decision in *DNR* did not contain a legal description of the property in dispute. There has been no claim that the property referred to in that decision is different than the parcel at issue here. Likewise, the fact we do not know the results of the remand in *DNR* is without import. We concluded in *DNR* that the wmpa had obtained fee title. We remanded for further proceedings consistent with that opinion. We did not remand for a determination of the validity of wmpa's title. Thus, the remand could not have affected our conclusion that the wmpa held fee title.

The final basis of the majority's opinion is that a denial of an application for leave to appeal or a motion for rehearing is not a decision "on the merits." After this Court entered its decision in *DNR*, the appellees moved for a rehearing for clarification of this Court's decision. We denied the motion. However, the question is not whether denial of the motion should have res judicata effect,[1] but rather whether the opinion of this Court should have such effect.

The reason our statement in *DNR* is not entitled to res judicata effect is because the subject was not actually litigated in the trial court. In good faith and bad judgment, we accepted as fact a statement made by WMPA in its brief that it had acquired title and ownership of the pump house property subsequent to our 1966 decision in *West Michigan Park Ass'n v Department of Conservation,* 2 Mich App 255; 139 NW2d 758 (1966), lv den 377 Mich 709 (1966). The DNR, the only appellee to file a brief in the *DNR* decision, did not contradict this assertion and we had no information that the title claimed was of a questionable nature. Moreover, the issue was only tangential to the main controversy and apparently did not seem to be of special importance at the time. Our review of the record now indicates that no evidence had been presented to the trial court on this disputed question of fact.

In the instant case, the trial court concluded that the issue of title was not actually litigated before the *DNR* trial court despite the apparent language in our appellate decision to the contrary. This factual finding is correct. Since the issue was not actually litigated, the purported factual con-

---

[1] This issue arises because the WMPA argues that the denial of the motion is an indication that this Court's decision in *DNR* was final.

clusion of title in *DNR* does not have res judicata
effect under the second *Tucker* requirement.